## BENTONVILLE R. R. v. BAKER.

1. RAILROADS: *Right of way: Who may condemn.*
   The statute (*Mans. Dig., Sec. 5458,*) regulating the proceedings for condemnation of the right of way makes no provision for the initiation of proceedings by the land owner. The company, alone, can institute the proceedings, and if they fail to do so, one who is injured by the construction of their road has his remedy for the injury by action against the company.

2. SAME: *Same: Damages to life tenant and remainder-man.*
   A tenant for life and remainder-man may each recover compensation for the injury he sustains by the construction of a railroad over their land. The remainder-man can recover only such damages as affect the reversion. The

injury must be of a permanent nature, necessarily prejudicial to the reversion, and the measure of the damage is, in general, the amount his estate is thereby diminished in value.

3. PRACTICE: *Error of court in overruling pleading: When cured.*
 When a demurrer to an answer is erroneously sustained, but upon the trial evidence in support of the answer is admitted, and the instruction of the court gives the defendant the full benefit of it, he is not prejudiced by the error in sustaining the demurrer.

4. RAILROADS: *Right of way: Grant of by life tenant.*
 The grant of a right of way by a tenant for life does not carry the interest of the remainder-man.

5. SAME: *Damages: Overflowing land by construction of road.*
 Where a railroad is so constructed as to cause land to be inundated with surface water, and rendered untillable, the owner may recover for the injury.

APPEAL from *Benton* Circuit Court.
Hon. J. M. PITTMAN, Circuit Judge.

*E. P. Watson,* for Appellant.

1. Only one cause of action was set out in the complaint; trespass in taking possession of the land. The allegations of negligence in constructing the road-bed were a separate cause of action, and no facts were alleged upon which a judgment could be based. If there was no trespass, the allegations as to negligence in construction cut no figure. By no rule of law can one be held a trespasser in taking possession of land by authority of one in possession who has the legal right thereto. The widow, having a life estate, sold the right of way to the company and placed it in possession, as she had a right to do. *35 Ark., 360; Mills Em. Dom., Secs. 71–73.* The heirs could sue separately for permanent injury to the freehold, but not jointly with the widow in trespass for going on the land and taking right of way.

2. Damming up surface water and flooding land is not an element of damage in right of way cases. *1 Redfield on Rail-*

*ways, 347; Mills Em. Dom., Sec. 189, and cases cited in note.*

3. The judgment does not conform to the verdict. The verdict was in favor of *all the plaintiffs,* and the court could not render judgment in favor of *part* of them for the full amount of the verdict.

*O. W. Watkins,* for Appellees.

As to the right to amend by striking out the name of Malinda Baker, see *Mans. Dig., Sec. 5080.* She had only a life estate. *Const. 1874, Art. 9, Sec. 6.* The heirs at law, though not in possession, could maintain this suit for injury to their inheritance. *Sutherland on Dam., Vol. 3, p. 392, et seq.*

The testimony as to flooding by surface water was admissible, as it tended to damage the inheritance. *Ib.*

Whoever by artificial means changes the condition of another's land, whereby he is damaged, ought to respond in damages. *44 Ark., 360.*

1. RAILROADS: Right of way— who may condemn.

COCKRILL, C. J. The statute regulating the proceedings for condemnation of right of way for railroads makes no provision for the initiation of proceedings by the land-owner. *Mans. Rev. Stat., Sec. 5458, et seq.* The company alone can put the statutory remedy into operation, and if they neglect to do so, one who is injured by the construction of the road has his remedy by action against the company for the injury sustained. *C. & F. R'y v. Turner, 31 Ark., 494; C. & F. R'y v. Trout, 32 Ib., 17; L. R. & F. S. R'y v. Dyer, 35 Ib., 360; Whitehead v. A. C. R'y, 28 Ib., 461; Mills. Em. Dom., Sec. 88.*

2. SAME:— Damages to life tenant and remainder-man.

A tenant for life and remainder-man are each entitled to recover compensation for the injury he sustains. *L. R. & Ft.*

*S. R'y v. Dyer, supra.* The remainder-man can recover only for such damages as affect his expectant estate. The acts of which he can complain must be of such a permanent nature as to be necessarily prejudicial to the reversion. In general this damage is the amount the estate is thereby diminished in value.

In this case the life tenant and owners of the inheritance joined in an action against the railroad company to recover damages for constructing its road across their land. The company undertook to make defense against all the plaintiffs upon the ground that the life tenant had conveyed to them by deed the right of way. The court sustained a demurrer to that paragraph of the answer alleging this state of facts, and the action of the court is pressed here as error.

It does not appear, however, that the appellant was prejudiced by the order sustaining the demurrer. The company was permitted to show the release to them, of the right of way, on the trial, and the court clearly instructed the jury that no damages could be recovered of the company for injury to the life estate, and gave directions for eliminating that interest from the case altogether. This is the utmost advantage the company could have taken under the answer. The life tenant does not complain of this, and we take it her claim was abandoned on the coming in of the answer.

It is not contended here that the grant of the right of way by the life tenant carried the interest of the remainder-man, and the contention would be useless. The appellant, the defendant below, made no objection to the complaint on any score. The technical forms of actions no longer obtain. The complaint alleged a permanent injury to the land, and the proof made by both parties showed that this was true, with all the particularity that could be required under any state of pleading. The complaint must be taken now as though amended to conform to the proof, and the appellant's objection to it, if tenable at all, comes too late.

3. PRACTICE: Error in overruling pleading. When cured.

4. RIGHT OF WAY: Grant of by life tenant.

**5. Damages from overflowing land by construction of road.** The appellant reserved no exceptions upon the trial to the instructions or rulings of the court, except as to the admission of the testimony of a witness for the appellees who testified that several acres of the land were worth less by reason of the railroad embankment throwing the surface water on it so that it could not be cultivated. This, in the witness' opinion depreciated the value of the inheritance, and was a proper matter for the jury's consideration, and by the decisions of this court one of the elements of damages in such cases. *Springfield & Memphis R'y, v. Henry, 44 Ark., 360; Same v. Rhea, Ib., 258; St. L., I. M. & S. R'y v. Morris, 35 Ib., 622.*

A new trial was not claimed because of the award of excessive damages.

Affirmed.