## GLASSCOCK *v*. ROSENGRANT.

Decided January 23, 1892.

1. *Voluntary payment—Recovery.*

    A voluntary payment may be recovered where the consideration for which it was paid subsequently failed.

2. *Penalty—Condition precedent—Damages.*

    A contract for the sale of standing timber provided that, before removing certain timber, the purchaser should make the vendor " secure in the sum of one thousand dollars for the faithful counting, marking and paying for" the remaining timber sold. The security was never given, but the vendor permitted the timber to be removed without objection. Some of the timber sold was never taken or paid for. *Held*, that the amount named was a penalty and not stipulated damages; that while the giving of the security was a condition precedent, it was waived by permitting the timber to be removed; that the measure of damages for failure of the purchaser to take the timber sold was the difference between the agreed price and its market value.

3. *Nominal damages—Error.*

    Failure of the jury to assess nominal damages is not ground for disturbing a general verdict.

4. *Account rendered—Conclusiveness.*

    An account rendered is not binding as an account stated unless both parties either expressly or impliedly assent to it as being correct.

5. *Limitation—begins to run when.*

    The limitation to an action to recover a payment upon a consideration which subsequently failed commences to run, not from the time of payment, but from the time the consideration failed.

6. *Practice—Excessive damages.*

    Excessive damages cannot be assigned as error where the motion for a new trial contained no objection on that score.

APPEAL from *Greene* Circuit Court.

J. E. RIDDICK, Judge.

In January, 1884, Glasscock sold to Rosengrant the standing oak timber of prescribed dimensions on a large body of lands situated in township seventeen north and range seven east and in several other townships named. By the contract, which was reduced to writing, it was provided that the standing trees should be counted, marked and paid for in

1884. The contract contained, in substance, the following among other provisions:

Eighth. It is stipulated that no part of the timber or staves made therefrom in township 17 north, range 7 east, shall be removed or otherwise disposed of until all the timber on the other land mentioned in the contract is paid for.

Ninth. That in case Rosengrant shall remove the staves or timber from any of the lands in township 17 north, range 7 east before paying for the timber on the lands outside of said township, he will make Glasscock secure in the sum of $1000 for the faithful counting, marking and paying for all the timber on the land mentioned in the contract outside of said township 17.

Twelfth. That should the title of Glasscock fail to any of the lands mentioned in the contract, or should any of them be redeemed before the timber thereon shall have been counted and paid for, such lands shall be considered out of the contract. If such timber shall have been paid for, Glasscock agrees either to refund the amount so paid or to furnish Rosengrant with other timber in lieu thereof.

Thirteenth. Should Rosengrant fail or refuse to carry out in good faith any of the stipulations or agreements in the contract, Glasscock shall have the right to declare the contract void.

Fourteenth. Rosengrant is to remove all the timber from all of said lands within three years from the date of the contract, and was to have no claim on any timber thereon after that time.

The title of Glasscock to a large portion of the lands outside of section seventeen proved defective; but it was agreed that he had good title to 2000 acres the standing timber on which Rosengrant neither counted nor paid for. In the fall of 1886 Glasscock gave Rosengrant notice to quit cutting timber on any of his land.

In February, 1889, Rosengrant brought this suit, alleging that he had made to Glasscock overpayments for timber

amounting to $1708.27. Defendant denied the indebted-
ness; pleaded the statute of limitations; claimed a set-off of
$2844.40 for timber counted and received but not paid for;
and counter-claimed damages in the sum of $5000 for plain-
tiff's failure to take and pay for timber included in the con-
tract, and for $1000 as liquidated damages under the ninth
clause of the contract above quoted.

Rosengrant testified that he entered into a contract with the
defendant to purchase a large quantity of timber from him and
that he advanced him $5091.71 on trees, timber and staves,
and that he only received timber and staves from him to the val-
ue of $3457, and that appellant owed him $1708.27 in excess of
timber, etc., received from him. That he gave defendant a state-
ment showing that he only owed him $76, and in that state-
ment he did not include three drafts aggregating $763.81
which he had paid defendant, and said the reason he did not
include them was that he had been trying to get a settle-
ment with defendant, and supposed that if he gave him a
statement showing that he only owed $76, defendant would
pay it, and he could then produce the drafts and collect them.
That at the time he gave defendant the statement he had
credited him with a large amount of trees marked up in the
woods, and that afterwards defendant sold the trees to an-
other, and he then charged him back with them, which, when
added to the $76 and the three drafts, aggregated $1708.27;
that he did not get any of the trees charged back to de-
fendant.

Glasscock admitted the receipt of the money on all the
drafts charged against him in the account sued upon; but
claimed further credits for timber not paid for, which credits
should have been included in the statement rendered by
plaintiff in 1885.

The court refused to charge the jury at defendant's re-
quest:

" 1. Where parties have dealings with each other and one
renders to the other a statement purporting to set forth all
the items of indebtedness on one side and credits on the

other, the account so rendered, if not objected to in a reasonable time, becomes an account stated, and cannot afterwards be impeached except for fraud or mistake ; and if the jury find that plaintiff rendered defendant a statement and kept back any item for the purpose of deceiving defendant, he would be precluded from thereafter bringing in such items as a charge against defendant in this action."

" 7. If a party voluntarily pays money with a full knowledge of all the facts, in satisfaction of a demand made against him, he cannot afterwards allege such payment to have been unjustly demanded and recover back the money."

The instructions given by the court are sufficiently stated in the opinion. Upon interrogatories propounded the jury found specially that plaintiff had overpaid defendant $1708.27 ; that he owed defendant for timber taken and unaccounted for $750; that defendant was not damaged by plaintiff's failure to take the timber off the 2000 acres outside of township seventeen. Judgment was rendered for plaintiff, on the verdict, for $958.27. Defendant has appealed.

*L. L. Mack* for appellant.

1. The contract was in the alternative, and Rosengrant could perform it in one or two ways; by counting, measuring, etc., and paying for all timbers sold on the lands outside of township 17, before removing staves or timber off lands in township 17, or by securing Glasscock in the sum of $1000, and then removing said timber, etc. He elected to remove the staves, timber, etc., from township 17, and must be held to have elected to pay the $1000 as liquidated damages. Suth on Dam., 447, 475, 477; 7 S. W. Rep., 777; 29. Fed. Rep., 715; 16 Pac. Rep., 890; 5 So. Rep., 149; 14 Ark., 315.

2. The sale of standing trees is an interest in land, and the title passes on execution and delivery of the deed. A. & E. Enc. Law, vol. 5, p. 445, note 4. If the title passed to the trees, the measure of damages would be the value of

trees at the price agreed upon with interest from the time the price became due by the contract. 14 Am. Law Reg., 326; 35 Ark., 190; Parsons on Cont., vol. 1, *p. 527; Kent's Com., (12 ed.), vol. 2, p. 492.

3. When an account stated is rendered, each of the parties is bound by it, unless fraud or mistake be shown. 41 Ark., 502; 2 Gr. Ev., secs. 127–8.

4. When only one account exists, payments go to the oldest item in the account. Story, Eq. Jur. vol. 1, sec. 45; Parsons on Cont., vol. 1, p. 633; 9 Wheat., 737; 38 Ark., 291; 2 So. Rep., 292; 3 S. E. Rep., 624; 5 So. Rep., 181,

5. The payments were voluntary, with full knowledge of all the facts. 2 Col., 97; 20 Pac. Rep., 64; 69 Tex., 267; 6 S. W. Rep., 757.

6. Appellee is barred. Mansf. Dig., sec. 4478.

*J. C. Hawthorne* for appellee.

1. There is evidence to sustain the verdict. 49 Ark., 122; 40 *id.*, 168.

2. The appellant made no objection to the amount of the judgment in the court below, and cannot complain here for the first time. 28 Ark., 188; 51 *id.*, 212; Mansf. Dig., sec. 1310; 45 Ark., 524.

3. The account rendered was only *prima facie* evidence of its correctness, and subject to explanation. 4 Johns., 377; 5 N. E. Rep., 787; 1 Johns. Chy., 550; 16 S. W. Rep., 834; 18 N. Y., 292; 102 N. Y., 701.

4. The issues tried presented no case of voluntary payment. The money was advanced for timber expected to be received. 20 Pac. Rep., 673.

5. No title passed until the trees were received, counted and branded.

6. As to the question of $1000 as liquidated damages, see 16 N. Y., 278.

7. The action is not barred. The statute was not set in motion until appellant notified appellee to cease taking the timber. See Wood on Lim., 337; 27 Tex., 693; 9 N. Y., 476.

MANSFIELD, J.

1. This action was brought to recover back the sum of $1708.27, which the complaint alleges was paid to the defendant in excess of the amount due to him for all the staves and timbers received by the plaintiff under the written contract of the parties entered into on the 4th day of February, 1884, and exhibited with the defendant's answer. As the plaintiff rested his right to recover upon the ground that the sum demanded was paid on a consideration that had failed, or under an agreement cancelled by mutual consent, the fact that the payment was made voluntarily could not defeat his action. The seventh instruction requested by the defendant was therefore inapplicable to the facts of the case and was properly refused.

1. When voluntary payment may be recovered.

2. Nor was it error to refuse the request of the defendant to charge the jury that the damages recoverable for a breach of the eighth clause of the contract were liquidated by the stipulation embraced in the ninth clause. By the latter it was provided that if Rosengrant should remove the staves or timber from any of the lands mentioned in the preceding clause, before paying for the timber contracted for on other lands, he should " make Glasscock secure in the sum of $1000 for the faithful counting, marking and paying " for all the timber which would still remain to be taken and paid for. The terms used by the parties in this provision of the agreement import an intention that the sum stated should be treated as a penalty, and not as fixing a a measure of damages. And the disproportion which would exist between the sum mentioned and the injury resulting from a failure to pay for any except a large quantity of the timber is so great that it raises a strong presumption against the interpretation insisted upon by the defendant. 1 Sutherland on Damages, 478–480–490. The obligation directly created by the ninth clause was only such as would have been imposed by a separate instrument, executed in the form of a bond and conditioned for the performance of the agreement to which it refers. The giving of the security

2. Penalty distinguished from liquidated damages.

there provided for was a condition precedent to the right of the plaintiff to remove the timber in township 17 before paying for the timber to be found elsewhere. But a performance of this condition appears to have been waived by permitting the removal of the timber without first complying with its requirements. And it cannot be resorted to now for the purpose of increasing the defendant's damages. The jury were correctly charged that the measure of damages recoverable for the plaintiff's failure to take any part of the timber was the difference between the agreed price of such timber and its market value at the time the contract was thus broken.

3. Error as to nominal damages.

3. It was admitted that the plaintiff neither took nor paid for any timber on 2000 acres of land embraced in the contract and to which the defendant had title. And the jury were instructed that for this breach of the contract the defendant was entitled to recover damages. As they awarded none whatever, it is argued that the verdict cannot be sustained. But the jury were required to find specially whether the defendant was damaged by the plaintiff's failure to take the timber referred to. The answer returned to this question was that no actual damages had been sustained. And the failure to assess nominal damages is not a ground on which the general verdict can be properly disturbed. *Buckner* v. *Railway*, 53 Ark., 16.

4. Conclusiveness of account rendered.

4. One of the assignments in the motion for a new trial is based upon the court's refusal to charge the jury to the effect that unless the account rendered to the defendant on the 1st day of January, 1885, was objected to within a reasonable time, it became an account stated, and could not afterwards be impeached except for fraud or mistake. We understand the rule to be that a stated account is not binding as such unless both parties either expressly or impliedly assent to it as being correct. 1 Wait's Actions and Defenses, p. 192, and cases cited. The account rendered in this case does not appear to have been intended as a final adjustment and settlement of the transactions to which it relates ; and

there was no express agreement that it should be so regarded. The failure however of the defendant to make any objection to it before the institution of this suit was sufficient to raise an implication of his assent to it as correct. But the plaintiff has insisted upon no such implication, and on the trial the defendant did not treat the account as being conclusive against himself. The instruction requested was therefore properly refused, and the charge of the court with reference to the account rendered was substantially correct.

5. The money sued for was paid or advanced in 1884. But the contract allowed three years from the 4th of February in that year in which to remove the timber, on the purchase of which the payments were made. And it appears from the evidence that neither of the parties finally abandoned the contract or treated it as cancelled until the fall of 1886 or the spring of 1887, the last item on the set-off of the defendant being charged in the latter year. This suit was begun on the 22d day of February, 1889. So long as the plaintiff continued to receive timber under the contract or had the opportunity to receive timber equal in value to the amount of money advanced to the defendant, there was no failure of the consideration on which the money was paid; and until such failure, no cause of action accrued to recover back any sum as an overpayment. The evidence was not therefore such as would have warranted a finding in favor of the defendant on his plea of the statute of limitations, and he was not prejudiced by the court's refusal to give an instruction applicable to that issue.

*5. When limitation begins to run.*

6. The sum allowed the defendant by way of set-off was as large as the evidence warranted the jury in finding due to him for timber received by the plaintiff and not credited on his account. In the motion for a new trial it was not objected that the verdict obtained by the plaintiff was excessive; and no complaint against it on that ground can therefore be made here. *Johnson* v. *Barbour,* 28 Ark., 188; *Wilson* v. *State,* 51 Ark., 212. The evidence was sufficient to sustain it.

*6. Practice as to new trials.*

Judgment affirmed.