NELSON *v.* HIRSCHBERG.

Opinion delivered December 21, 1901.

DAMAGES—BREACH OF CONTRACT OF SALE.—The measure of damages for breach of a contract for the sale of a chattel, if the vendee refuses to comply with the contract, is, as a general rule, the difference between the contract and the market price at the time and place of delivery stipulated, provided the contract price exceeds the market price.

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

*H. F. Roleson* and *Norton & Prewett,* for appellants.

Compensation should be equal to the injury. Suth. Dam. 79; 41 Atl. 1092. Loss of profits and advantages is an element of damages. 7 Cush. 523; 115 Mass. 298; 14 Barb. 624; 26 Colo. 307; 16 N. Y. 494; 22 Barb. 590; 50 N. Y. 37; 71 N. Y. 133. A party who is ready to perform his part of a contract should recover what he would have made by performance. 21 Wend. 461; 7 Me. 51; 8 Pick. 13; 16 Pick. 196; 13 Sawyer, 516; 74 Wis. 425. Rule of damages: 49 Wis. 151; 52 Wis. 255; 59 Wis. 384; 67 Wis. 296; 63 Mich. 276; 51 Mich. 63; 26 Mich. 239; 14 Mich. 34. The damage is the loss which the injured party has sustained. 110 U. S. 347; 121 U. S. 264. Appellee, having failed, was not entitled to judgment for money he had advanced. 52 Pac. Rep. 666; 6 Notes U. S. Rep. 731.

*McCulloch & McCulloch,* for appellees.

The measure of damages is the difference between the contract price and market price at the time and place of delivery stipulated in the contract. 57 Ark. 203, 257; 55 Ark. 401, 376; 2 Benj. Sales, § 1121; 108 Ill. 170; 166 Pa. 9; 27 S. W. 1052; 127 Mass. 339; 5 Wait's Actions & Defenses, 608; 88 Va. 330; Suth. Dam. 647; 62 N. Y. Sup. 952; 1 Pa. St. 458; 130 Pa. St. 536; 149 Pa. St. 274; Sedg. Dam. § 724; Wood, Mayne, Dam. § 200; Field,

Dam. § 298; 39 Mo. 208; 63 Mo. 563; 21 Ohio St. 114; 37 Ohio St. 236; 49 Ill. 446; 60 Ill. 271; 78 Ill. 309; 7 Ill. App. 312; 74 Ga. 497. One who is injured must act so as to mitigate the injury, as far as in his power. 110 N. Y. 237; 66 N. Y. 92; 53 N. Y. 211; 46 Kan. 354; 68 Pa. St. 168; 7 Me. 51; 67 Me. 64; *id.* 317; 46 Miss. 458; 54 *id.* 264. Where damages may be estimated in more than one way, the mode which is most definite should be adopted. 8 Am. & Eng. Enc. Law, 611; 11 Mich. 550; 56 Ark. 612; 16 N. Y. 489.

BATTLE, J. H. Hirschberg commenced this action against Nelson & Dunham in the Lee circuit court on the 5th day of February, 1900, alleging in his complaint that "the defendants were indebted to him in the sum of $1,195 for money paid and advanced by him to defendants in different amounts from June 5, 1899, to September, 1899, upon a contract for the sale and delivery of lumber by defendants to plaintiff; that the contract was never performed by defendants; and that defendants refused to repay said sum of money to plaintiff."

The defendants answered, denying that they were indebted. They admitted the advancement of the money, but alleged that it was advanced on an agreement to buy of defendants, and take at an agreed price, about one million feet of lumber; that plaintiff, after having advanced that amount of money, refused to comply with his contract, and failed and refused to take the lumber, and failed and refused to inspect and receive such of it as had been cut and tendered to him. And for counterclaim they alleged that plaintiff had, on the 5th day of June, 1899, entered into a written agreement with defendants, the particulars of which they set out in full, and they made an exhibit of the contract as part of their cross complaint. They alleged that the plaintiff, Hirschberg, failed and refused in any manner to comply with his contract, and that by reason of such failure and refusal they had been damaged in the sum of $6,628.

The contract exhibited was as follows: "Memorandum of agreement made and entered into this 25th day of May, 1899, by and between D. L. Nelson and J. P. Dunham, of Round Pond, St. Francis county, and state of Arkansas, party of the first part, and H. Hirschberg, of New York City, in the borough of Manhattan, and state of New York, party of the second part.

"Witnesseth: Said party of the first part has this day sold to

the said party of the second part the following hardwood lumber, viz: 150 to 200 M feet of white oak, quarter sawed, to be composed of grades of firsts and good seconds, and to be sawed as per diagram hereto attached, and to be delivered as hereinafter mentioned; * * * 300 to 400 M feet of red oak, of the same grades and conditions as the white oak; * * * 100 to 200 M feet first and good second white calico, or gray ash, plain sawed, as per conditions hereinafter named; 400 to 500 M feet red gum, long run. All the herein or foregoing various kinds of lumber must be well manufactured, sawed full thickness, and well edged, the ends carefully trimmed, or sawed off to full even lengths. * * * And all lumber to be sawed into such thickness as the said party of the second part, or his agent, John Muhlfield, may from time to time direct. * * * The party of the second part and his agent, John Muhlfield, is to receive all lumber sawed as aforesaid every week or month, and cause payment to be made monthly for all lumber inspected and received. * * * In the event of a failure on the part of the party of the first part to fulfill this, or said agreement, then said first party is to refund all money so advanced, with interest at the rate of 8 per cent."

We have omitted the provisions in the contract about prices, piling lumber, etc.

Plaintiff filed a reply to the counterclaim, and in it admitted the execution of the contract of June 5 exhibited by defendants, but alleged that prior to that date defendants had entered into a valid contract with one Deutsch for the sale of the same lumber, which contract with Deutsch was still pending, unperformed and unrescinded; that Deutsch had instituted a replevin suit for said lumber, which suit was still pending; that the defendants, by reason of the validity of the contract with Deutsch, were, and had at all times been, unable to perform their contract with plaintiff; that plaintiff refused to accept the lumber claimed by Deutsch, but had at all times been ready to accept all lumber to which defendants had clear title. For further answer he said that defendants, on the — day of October, 1899, executed a mortgage to one Rolfe on all the lumber then cut.

The issues were tried by a jury. In the trial D. L. Nelson, one of the defendants, testified in their behalf substantially as follows: He made the contract, exhibited, with one Muhlfield, the agent of plaintiff. After defendants had about 95,000

feet of oak lumber and about 100,000 feet of gum lumber sawed and on their yard, he endeavored to induce the plaintiff to inspect, receive and pay for it, and he failed and refused to do so, but he did advance to the defendants as much as $1,195 upon the contract. Defendants then offered to prove by this witness the damages they suffered by this failure and refusal of the plaintiff by showing the amount of profits they would have received if they had completed their contract and received the stipulated price; and the court refused to allow them to do so, holding that it was not the proper measure of damages, but that the measure was the difference between the contract and market prices at the place of delivery. Witness then testified that the defendants sold the lumber, and that it had a market value at their mill, which was the same as it was at St. Louis or Memphis, less the cost of getting it there. After this evidence was adduced, "counsel for defendants stated that they did not think it worth while to make further efforts to introduce testimony, for the reason that the ruling of the court upon the measure of damages upon the whole contract, and upon the question of damages by reason of depreciation of the logs and lumber, was adverse to defendants.

"Thereupon the court, without objection by defendants, instructed the jury to return a verdict for plaintiffs for $1,195, with interest, and they returned a verdict for $1,220.87."

And the defendants appealed.

Was the circuit court correct as to the measure of damages?

The contract in question was for the sale of lumber, which had a market value at the stipulated time and place of delivery. After the refusal of appellee to receive and pay for it, the appellants held and disposed of it as their own property. The measure of damages in such cases (the vendors having complied with their part of the contract), as a general rule, is the difference between the contract price and the market price (the latter being less than the former) at the time and place of delivery stipulated in the contract. If the market was equal to or exceeded the contract price, there would be no actual damages, and none could be recovered. *Glasscock* v. *Rosengrant,* 55 Ark. 376; *Morris* v. *Cohn,* 55 Ark. 401; 2 Mechem, Sales, § 1690, and cases cited; 2 Suth. Dam. (2d Ed.), § 647; 2 Sedg. Dam. (8th Ed.), § 753.

The case before us comes within the general rule.

Judgment affirmed.