CHOCTAW, O. & G. RY. CO. VS SARLLS.

Opinion rendered Sept. 26, 1907.

(104 S. W. Rep. 676).

*New Trial—Grounds to Procure Same—Rules of Court.*

The United States Court of Appeals of the Indian Territory on June 17, 1904, adopted Rule 3 which provides that in a motion for new trial the particular errors relied on for cause for new trial must be stated in detail.    On June 15, 1906, a new rule was adopted which provides that motions for a new trial in accordance with Rev. St. U. S. § 726 (U. S. Comp. St. 1901, p. 584) may be stated in general terms as Mansf. Dig. §§ 5151-5155 (Ind. Ter. Ann. St. 1899, §§ 3356-3360) provides

Error to the United States Court for the Central District of the Indian Territory; before Justice W. H. H. Clayton, March 24, 1906.

Action by R. Sarlls against the Choctaw, Oklahoma & Gulf Railway Company.    Judgment for plaintiff, and defendant brings error.    Affirmed.

On September 27, 1904, the plaintiff below, appellee here, filed his complaint against the defendant below, appellant here, and alleged that the plaintiff is the owner of the Commercial Hotel, a four-story brick building, 75 by 80 feet in size; that the same was constructed in the year 1895, fronting on Choctaw avenue in the town of South McAlester; that the defendant owns and operates a railroad; that the said railroad runs in the rear of and parallel with the hotel; that the grade or embankment on which defendant's tracks are situated is constructed some 10 feet above the natural level or surface of the ground back of and about the plaintiff's property.    Plaintiff alleges that said grade obstructed the flow of falling water that fell and falls upon the hillside north of said railroad track

from its natural course southward for a long distance east of plaintiff's said property, and forces same to run upon the right of way of the defendant in a southwesterly direction along the north side of its grade; that the flow of said water brought and lodged a great amount of sand and mud behind and on the property of the defendant. Plaintiff alleges that the defendant failed and refused to put sewerage across its right of way to carry the falling water in its southerly and natural direction, but instead turned the same west and behind plaintiff's property, causing his said building to be flooded at intervals for three years, thereby causing the ground or basement floor of same to be flooded with water and mud and destroying his said property, and thereby rendering the same uninhabitable and of no use to the plaintiff. Plaintiff alleges that he notified the defendant of the damage to his said property without avail; that about the year 1898 the defendant caused a large platform, built of wood and stone, to be erected upon its right of way north and west of the plaintiff's property, that greatly obstructed the flow of water from the said property, and in heavy rains caused this water to back up and stand many feet deep behind and upon the plaintiff's property, and caused sand and mud to lodge on and fill up the property of the plaintiff. Plaintiff further alleges that in September, 1901, the defendant unloaded on said right of way, behind and near the property of the plaintiff, several carloads of brick, which were stacked in the waterway, and where the water ran aforesaid, and completely dammed and stopped its flow west for a long space of time, and caused the same to back into the first floor of plaintiff's building, and deposit mud and sediment there, to plaintiff's great injury; that about May, 1903, defendant caused or permitted to be unloaded a car of brick bats upon its right of way behind the plaintiff's property, completely filling the waterway behind said property, and the falling water upon said date backed

up and forced in the doors of the plaintiff's building, and flooded the same, and deposited mud and debris in said building, to plaintiff's great injury; that about June 23, 1903, the falling water was, by the aforesaid accumulations and negligent acts of the defendant, caused to overflow plaintiff's building and destroy his property. Plaintiff alleges that said basement story was cut into four large rooms, with wooden floors and plastered walls, which he used for rental purposes; that the use and value of the same has been for the last three years completely destroyed; that the said rooms are and were reasonably worth the sum of $50 per month to plaintiff. Plaintiff alleges that the floors and plaster in said story have been warped, destroyed, and defaced so that it has no value; that same cost the plaintiff $300; that plaintiff has had destroyed in said building 16 bed springs and 150 feet of radiators worth $100; wherefore plaintiff prays judgment for $1,800 for the use of said rooms for three years, $300 for floors and plaster, and damages $100 for loss of property aforesaid, making a total of $2,300, for which he asks judgment. On March 22, 1906, demurrer was filed by the defendant to plaintiff's complaint, but from the record it does not appear that the same was ever disposed of. On same day defendant filed its answer to plaintiff's complaint, and specifically denies each and every allegation of plaintiff's complaint. On same day the cause came on for trial before a jury, who, on March 24, 1906, returned the following verdict: "We the jury duly selected, impaneled, sworn, and charged to try the issues in the above styled cause, do find for the plaintiff in the sum of $500. A. J. Nichols, Foreman." Judgment was rendered upon the verdict, and on March 26th, defendant filed motion for new trial, which was overruled by the court, to which defendant excepted, and asked and was granted 60 days to file bill of exceptions, and the case was brought to this court by writ of error.

*C. B. Stuart,* for plaintiff in error.

*George A. Grace* and *R. Sarlls,* for defendant in error.

TOWNSEND, J. (after stating the facts as above).   The plaintiff in error has filed four assignments of error, as follows: "(1) Because the verdict is contrary to the evidence; (2) because the verdict is contrary to law; (3) because the verdict is contrary to the law and the evidence; (4) because the court erred in not directing a verdict for the defendant, the appellant herein"—and says in his argument on the assignments they may be all considered as one, and the sole question then will be whether this verdict can be sustained, and says that the verdict must be set aside because there is no proof to sustain it.

Plaintiff in error insists that the defendant in error alleges his damages both for improper dra'nage and for obstruction of same; that there is no separation of the two; and no person who reads the complaint and the proof in this case can determine whether the damage which the plaintiff suffered was for the natural overflow of the sewers and culverts, for which he admitted he could not recover, or for the obstruction of these sewers and culverts.   They are blended together indeterminably, and there is no specific declaration in the complaint, nor proof to meet that declaration, which renders the gross amount claimed for damages susceptible of division, and the court in its charge to the jury fell into the same error. Plaintiff insists that the pleadings, the proof, and the charge of the court are contradictory and confusing, and no tribunal, whether court or jury, could have from these three reached a rational verdict, and therefore insists the case should be reversed.

The defendant in error contends that the fourth assignment of error—that the court erred in not directing a verdict for the defendant—cannot be considered by this court, because the same was not made in his motion for a new trial, and quotes rule 3 of this court (92 S. W. v) which was adopted June 17, 1904, that in a motion for a new trial it shall be necessary to

set out in detail the different particular errors relied upon to secure a new trial. That rule, however, has been superseded by the rule adopted June 15, 1906, which is as follows: "The practice in this court shall be the same as in the United States Circuit Court of Appeals for the Eighth circuit. All motions for new trial under section 726, Revised Statutes of the United States (U. S. Comp. St. 1901, p. 584), may be in general terms and in the manner provided by sections 5151-5155, Mansfield's Digest of the Statutes of Arkansas (Ind. Ter. Ann. St. 1899, §§ 3356-3360)." This rule provides that motions for new trial may be in general terms, and in the manner provided by sections 5151-5155, Mansfield's Digest. In Glasscock vs Rosengrant, 55 Ark. 376, 18 S. W. 379, it is held "that motions for new trial waive all previous exceptions not embodied in it," and same is cited as a construction of section 5153. "Nor will the Supreme Court review rulings touching evidence or instructions, unless made ground of motion for a new trial" —citing in support of that proposition Young vs King, 33 Ark. 745, and Koch vs Kimberling, 55 Ark. 547, 18 S. W. 1040.

Defendant in error insists that no motion was filed to make the complaint more definite; that if the pleadings were indefinite as to damages that was waived by failing to file a motion to make more specific; and that if it is claimed that the court should have instructed the jury that the damages must be in some way apportioned to each contributing cause it is a sufficient answer to say that the plaintiff in error did not request such instructions. Defendant in error says: "The failure to construct sewers was not proved and was withdrawn from the jury by the court. Why, then, should anybody say that it was or should have been considered by the jury, or that it entered into the verdict?" The defendant in error says that the law upon which the action was founded may be seen from the following cases: Little Rock & Ft. Smith Co. vs Chapman, 39 Ark. 463, 43 Am. Rep. 280; Railway Co.

vs Cook, 57 Ark. 387, 21 S. W. 1066; St. Louis, I. M. & S. Railway Co. vs Anderson, 62 Ark. 360, 35 S. W. 791; Bentonville Railroad Co. vs Baker, 45 Ark. 252; Shane vs Kansas City, etc., R. R. Co., 71 Mo. 237, 36 Am. Rep. 480; 30 Enc. Law. (2d Ed.) 334.

We are satisfied from a careful examination of the evidence that under the law there was sufficient and ample proof to sustain the verdict in this case, and the judgment of the lower court is therefore affirmed.

Affirmed.

GILL, C. J., and LAWRENCE, J., concur.