TEDFORD AUTO COMPANY *v.* HORN.

Opinion delivered June 8, 1914.

1. CONTRACTS—SECURITY FOR PERFORMANCE—RECOVERY.—Appellee deposited $250 as an advance payment, or in the nature of security, for the performance of his undertaking on a contract entered into

with appellant, to be held by appellant until the expiration of the contract period or unless the contract be cancelled, when it was to be returned to appellee, less any damages that were sustained by appellant by reason of appellee's failure to perform the contract. There was no formal cancellation of the contract. *Held*, appellee is entitled to a return of the deposit at the end of the contractual period less any amount owed appellant for loss or damages sustained by nonperformance of the contract. (Page 314.)

2.   CONTRACTS—DEPOSIT—SECURITY FOR PORFORMANCE—BURDEN OF PROOF.— Where A. deposits money with B. to secure his performance of a contract entered into by them, with a stipulation for its return at the end of the contractual period, less any damage suffered by B., caused by A.'s failure to perform, the burden is upon B. to show any damage sustained by him, and in the absence of proof of damage, A. will be entitled to the return of the whole amount deposited, at the end of the contractual period. (Page 314.)

3.   CONTRACTS—BREACH—MEASURE OF DAMAGES.—B., a dealer in automobiles, contracted with A., whereby A. agreed to purchase from B. a certain number of cars, and sell the same. *Held*, B.'s damages for A.'s failure to perform the contract is the amount of his profits, if any, which B. lost by reason of A.'s breach of the contract. (Page 315.)

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks*, Judge; affirmed.

*James A. Comer*, for appellant.

*Carmichael, Brooks, Powers & Rector*, for appellee.

McCULLOCH, C. J.   Appellee instituted this action in the circuit court of Pulaski County against appellant to recover a money judgment for several items, and the court, on the trial of the case before a jury, gave a peremptory instruction in favor of appellee for the recovery of an item of $250, and both parties appealed. Appellee has, however, abandoned his appeal, and that eliminates all of the items except the one mentioned above.

Appellant is a domestic corporation, domiciled at Little Rock, and is engaged in the business of buying automobiles from a manufacturer at Toledo, Ohio, and reselling the same in Arkansas. Its method of doing business is to contract a year in advance for the number of automobiles desired for the trade and to establish sub-

agencies in different parts of the State in addition to operating a sales department in Little Rock.

Appellee was selected as an agent at Danville, Arkansas, his territory covering the whole of Yell County, and a contract was entered into whereby he was to purchase four automobiles at a certain stipulated price, on board cars at Toledo, Ohio, and to have as many more as he found sale for in his territory. The contract provided that he should, at the date thereof, pay to appellant the sum of $250, "as part of the purchase price for the motor cars specified in this contract, which payment shall remain in the seller's possession until the expiration of this contract, provided that any and all of said part of purchase money may, at the option of the seller, be credited against any parts or open account due to the seller from the dealer, and the balance of said purchase money, if any, will then be applied on the purchase price of motor cars as provided herein." The contract further provided that the net purchase price of each car should be paid for as the same was delivered on board cars at Toledo, or within five days after presentation of draft with bill of lading attached at the place of delivery. The contract gave appellant the right to cancel the contract at any time for certain causes therein named, and also contained the following provision with reference to such cancellation: "That in the event, for any reason, this agreement shall be cancelled before its expiration, then the seller may apply and retain that part of the purchase price paid by the dealer at the time of entering into this agreement and remaining in the hands of the seller in payment of any damage or loss which may be caused by failure of the dealer to perform, for any accounts for parts or charges, of whatsoever character, the dealer may have incurred with the seller. In the absence of any of the above contingencies, then such part purchase price shall be returned and paid over to the dealer."

The contract was dated January 17, 1912, and was to run until July 31, 1912.

Appellee paid the $250 specified in the contract, and that is the item which he recovered below.

The first car was shipped to appellee at Danville, and he was unable to pay the freight, and entered into a special contract with appellant whereby the latter agreed to take the car and re-sell it, which was done, appellee waiving his commission and paying the freight.

Appellee did not order another car after that time, and there was no formal cancellation of the contract.

In May, 1912, two persons from Yell County came to Little Rock to buy cars, and applied at appellant's place of business. Appellant's agent called appellee over the telephone and explained to him that they had the opportunity to sell some cars in that territory, but would have to do it at a close profit, and it would be necessary for him to waive his commission, whereupon appellee agreed to do so for the sum of $75, and sent a telegram to appellant in the following words: "I will waive my commission on the three cars sold within the next twenty-four hours for $75."

Appellant sold two cars, and shortly thereafter paid over the sum of $50 to appellee.

The question whether appellee was entitled to the full amount of $75 on this transaction, has been eliminated from the case and need not be further discussed.

The sole question presented is, whether appellee is indisputably entitled to recover the sum of $250, or whether there was enough evidence to warrant the submission of that question to the jury.

The contract between the parties, when considered as a whole, contemplates the advance payment of the sum of $250 in the nature of a deposit by appellee as security for the performance of his undertaking to purchase the stipulated number of automobiles, and it is not merely an advance payment on the price of machines. According to the terms of the contract the deposit was to remain in the hands of appellant until the expiration of the contract period, or unless the contract was sooner cancelled, and that it should be returned to appellee at the expiration of such time, or upon the cancellation of the contract unless applied in satisfaction of loss or damage on the

part of appellant sustained by reason of appellee's failure to perform the contract, or on running account due from appellee to appellant.

There was no formal cancellation of the contract, and no formal demand was made by either party upon the other, but after the transactions which we have mentioned occurred time was permitted to pass without either party taking any steps thereunder.

Under those circumstances appellee was entitled to the return of his money at the end of the contractual period, less any amount that he might have owed appellant on account, or for loss or damage sustained by appellant on account of nonperformance by appellee.

It is not claimed that there was anything due on account, but it is insisted now that appellant sustained damage to an amount in excess of the money thus deposited.

It devolved upon appellant to establish the amount of its damages, and unless it has done so, or adduced some proof tending to establish damage, it can not be said that the court erred in giving a peremptory instruction.

Ordinarily, the measure of damages for breach of a contract of sale by a vendee is the difference between the contract and the market price at the time, and place of delivery stipulated, provided the contract price exceeds the market price. *Nelson* v. *Hirschberg,* 70 Ark. 39; 2 Mechem on Sales, § 1690.

If that rule be adhered to, it is manifest that appellant has not sustained any damages, for there is no attempt to show that the market price of the automobiles was less than the contract price.

That, however, is not the proper criterion in this case. Appellant was not a dealer with an unlimited supply of automobiles or with opportunities to purchase an unlimited supply. The proof showed that he contracted about a year in advance for a supply of automobiles, and that he made a certain profit on those that he sold. His testimony showed that his profit on the four machines covered by this contract amounted to $260, when sold

through a subagent. The measure of appellant's damages for breach of the contract was not the difference between the contract and market prices, but the amount of profits, if any, which he lost by reason of the breach. If, notwithstanding the breach of the contract, appellant was able to sell his supply of automobiles without loss of profit, then it sustained no damage, and in order to make out this it should have proved that there was a loss of profits. We do not find any substantial proof in the record which would warrant the jury in finding that there was any loss of profits at all. The testimony of Mr. Tedford shows the amount of profits which was to accrue to appellant under the contract, but he does not show that they failed to sell these machines and realize profits from other purchasers. He does say in his testimony that appellee's breach of the contract "got me in a hole about four cars," but this does not mean that he lost the profits on four cars. On the contrary, it is evident that he did not mean that, for, according to his own statement, he took the first car off the hands of appellee and eliminated that entirely from the contract. That statement of the witness, putting it in the strongest light, could only mean that they were hindered or embarrassed by appellee's breach of the contract; but in order to show the right to recover, or to retain any part of the deposit, it was necessary to prove that the profits were lost, and, if so, how much.

As there was no proof in the record which would have warranted a jury in fixing any amount of damages, we conclude that the trial court was warranted in taking the case from the jury with a peremptory instruction. That being the state of the record, the judgment must be affirmed, and it is so ordered.