GODFREY v. HUGHES & HALL.

Opinion delivered October 5, 1914.

1. ACCOUNT STATED—FRAUD OR MISTAKE—IMPEACHMENT.—An account stated may be impeached only for fraud or mistake.
2. ACCOUNT—BALANCE—EVIDENCE OF AGREEMENT AS TO BALANCE DUE.— In action on a note it is error to exclude evidence of an understanding between the parties that the note did not represent the true net balance of indebtedness between the parties.
3. ACCOUNT—FULL SETTLEMENT—EVIDENCE.—In an action on a note, when the issue is raised, the court should submit to the jury the issue of whether the note was given in full settlement of all transactions between the parties. .

Appeal from Randolph Circuit Court; *John W. Meeks*, Judge; reversed.

STATEMENT BY THE COURT.

Appellees are physicians and surgeons, and in that capacity attended the families of both appellants, and made settlement of their accounts as such with them on June 1, 1910. On that day appellant Holmes, in settlement of his doctor's bill, executed to appellees his note in the sum of $121.50, and on the same day Godfrey, the other appellant, in settlement of his doctor's bill, executed to appellees his note in the sum of $153, which note was signed by Godfrey as principal and Holmes as surety. The note executed by Holmes individually appears to have been paid, but suit was brought upon the other note, and this appeal is prosecuted from the judgment rendered in the suit upon that note. The suit on this note was begun in the court of a justice of the peace, and at the trial before the justice a set-off was filed by appellant Holmes amounting to $258.65, and judgment was rendered in his favor for the excess over the face of the note. An appeal was duly prosecuted to the circuit court, and, upon the trial there, appellees offered in evidence the note sued upon, the execution of which was admitted, and rested their case. Whereupon appellants, to maintain the issues on their part, introduced Holmes, who testified that he had had numerous transactions with appellees, but that no attempt was made

to make any settlement of any part of the amount due him. He testified that appellees presented him with a statement of his doctor's bill, the correctness of which he did not then, and does not now, question, but that no account was taken of the various items for which credit is now asked. He explains this by saying that appellees stated they desired to raise some money and wanted to use his note as collateral for that purpose; that a considerable part of his account against appellees was for horse hire, and at the time of the execution of the note appellees were then using one of his horses, and it was not known how much longer they would continue to use it, and no attempt was, therefore, made to ascertain and settle the indebtedness due him by appellees. In other words, the note represented only the amount of his doctor's bill, without taking into account the various credits to which he was entitled. He further testified that he signed this note relying upon appellees' promise to later settle their indebtedness with him.

Upon motion of appellees, this evidence was excluded, and the court then, over the objection of appellants, instructed the jury to return a verdict in favor of appellees, for the full amount sued for, less certain credits which were subsequent to the date of the note.

*T. W. Campbell,* for appellants.

The execution of the notes did not operate as an account stated. That doctrine has no application to the facts in this case. There was no account rendered to Holmes giving debits and credits, but was only a statement of debits, and the proof is that at the time Holmes executed the notes he expressly mentioned the horse hire and insisted that same be set-off against the doctor's bill, and that Hughes stated that they would pay him later for the horse hire.

It is the consent of the debtor that the balance claimed is the true amount of indebtedness between the parties, that imparts the character of an account stated.

52 Miss. 494; 10 Hump. 238; 1 Cyc. 379; *Id.* 366; *Id.* 381; 55 Ark. 376; 86 Ala. 238; 130 Mo. 668.

*C. H. Henderson,* for appellees.

An account stated is not subject to attack except for fraud or mistake. 64 Ark. 39; 80 Ark. 438; 41 Ark. 502; 68 Ark. 534; 80 Ark. 438. The settlement in this case resulting in the execution of the notes constituted an account stated.

SMITH, J., (after stating the facts). Appellees insist that the note represents an account stated and that it can not be impeached, as appellants do not allege, nor claim, that its execution was procured by fraud or is the result of any mistake, and this was evidently the view of the trial judge in directing a verdict in favor of appellees.

(1-2) It is true that an account stated may be impeached only for fraud or mistake, but we do not think this was an account stated. According to this excluded evidence, the parties were not undertaking to settle the balance due after taking into account the various debits and credits, but only the amount due appellees, the correctness of which amount is not now questioned. This note does not evidence an account stated, because it is the consent of the debtor that the balance claimed is and shall be treated as the true net balance of indebtedness between the parties that imparts the character of an account stated to an account, and that consent is lacking here. The rule is stated in 1 Cyc. 366, as follows:

"An account may be the foundation of an account stated, though it does not cover all the dealings between the parties. But the rule that an account may become a stated account without including all the dealings between the parties is confined to an account on one side, and while a stated account in such a case would be evidence of the correctness of the demand on the one side, it would not be conclusive against a demand on the other side, for, to support a plea of a stated account so as to conclude the parties in relation to all the dealings between them, the accounting must be shown to have been

final. Hence, the binding force of an account stated will not be given to the mere furnishing of an account or other transaction which was not with a view to asserting a claim, establishing a balance due, or finally adjusting the matters of account between the parties.''

A substantially similar statement of the rule is found in volume 1, Ruling Case Law, 210, where it is said:

''In other words, the balance found need not be complete and final, for in the last analysis an account stated is nothing more than an agreement between the parties as to the items considered. If the agreement is that the balance found is final and complete, it constitutes an account stated as to every item; but, upon the other hand, a court can not limit the right parties have to make such lawful contracts as they choose, and, therefore, to agree as to certain items and leave open for adjustment or adjudication other items. The burden is on the person claiming that certain items were not included in an account stated to substantiate his claim. It is open for the parties to show in what regard the account stated was made, and that certain matters were excluded from consideration, and as to those matters they are not concluded by the account stated. And though the authorities are conflicting, the better rule seems to be that the giving of a note by a debtor to his creditor, nothing else appearing, is *prima facie* evidence of an accounting and settlement of all demands between the parties.'' Numerous cases are cited in support of the text which we have quoted. See also *Glasscock* v. *Rosengrant*, 55 Ark. 376-382.

(3) It follows, therefore, that the court erred in refusing to submit the issue as to whether or not the note was given in full settlement of all transactions between the parties, and for that error the judgment of the court below is reversed and the cause will be remanded for a new trial.