## Raymond DONALDSON v. D. L. McKIEVER

5-5827                                      479 S.W. 2d 246

### Opinion delivered April 24, 1972

*John F. Gibson,* for appellant.

*James A. Ross* and *James A. Ross, Jr.,* for appellee.

Conley Byrd, Justice. Raymond Donaldson brought this action upon an account stated against D. L. McKiever praying judgment for $28,977.87. Upon a trial the jury returned a verdict for $3,066.00 for which judgment was entered. For reversal Donaldson contends:

"I. The court erred in permitting appellee to introduce immaterial and irrelevant evidence.

II. The court erred in failing to rule on appellant's motion for judgment *non obstante veredicto.*

III. The evidence was legally insufficient to support the verdict."

The record shows that Donaldson is what is known in the cattle business as an "auto-buyer". As such, it is necessary for him to maintain a bond in accordance

with the Stockyard Dealers Act, 7 USCA § 204. Over the last four or five years he had purchased cattle and hogs for McKiever, who dealt in processing, butchering and selling. Donaldson testified that his formal education did not go beyond the third grade. He knew that McKiever was getting behind in his remittances and that he carried him as long as he could. When the account got so large that he could no longer carry it, Donaldson instructed his bookkeeper to contact McKiever and see what could be done about the account.

Following Donaldson's instructions, his bookkeeper, Audrey Withers, contacted McKiever. On January 22, 1970, after going over the account which included two previous uncashed checks, McKiever and Mrs. Withers arrived at a balance due of $28,165.65. In that balance was a credit given for a check dated 12-30-69, in the amount of $812.22. Two of the items included in the balance were unendorsed checks dated July 22, 1969, for $18,885.89 and $5,831.22. McKiever in the presence of Mrs. Withers signed a note for $28,121.73. The December 30, 1969, check for $812.22 was returned for insufficient funds. Mrs. Withers testified that McKiever, at the time he signed the note, made some promise of future installment payments.

McKiever admitted that he signed the note but insisted that he did it with a private understanding between him and Donaldson that he was signing the note only for the purpose of helping Donaldson make his bond required by the Stockyard Dealers Act. He testified that he paid for the cattle and hogs as they were delivered or within a few days thereafter. To corroborate that testimony he introduced a number of checks issued from time to time throughout the period of their business dealings. McKiever also stated that the unendorsed checks dated July 22, 1969, were only given to help Donaldson make his Stockyard Dealers bond and that he did not owe any such amount at the time. McKiever admitted that the State Meat Inspectors had forced him out of business in December 1969, and that he did owe to Donaldson the sum of $3,066.08 for December purchases.

The trial court did not err in permitting McKiever to introduce the checks to corroborate his testimony that he kept his account current until December 1969.

They all appear to have been endorsed by Donaldson and marked paid by McKiever's bank, so they are not self-serving declarations of McKiever. They were admitted upon the court's admonition to the jury that they were not to be considered as a set-off or credit against the account on which appellant sued, unless there was testimony by McKiever that they were. With this limitation, we cannot say that the admission of the checks was erroneous. The appellant's only objection to the checks was that they did not constitute a set-off to the account. No other objection was made then or now.

Donaldson's argument that the evidence was legally insufficient to support the verdict revolves around his contention that the balance owed had been reduced to an account stated. As we view the record a fact issue was made for the jury and although McKiever's version may be as strange as fiction, we cannot say there is no substantial evidence to support the jury's verdict. This is particularly so when one remembers that the alleged "account stated" began with the total of the two July 22, 1969, unendorsed checks that McKiever states were given only to help Donaldson on his Stockyard Dealers bond and not for payment of an account owed. See *Godfrey v. Hughes & Hall*, 114 Ark. 312, 169 S. W. 958 (1914).

It is true that McKiever admitted to owing $3,066.08 and that the jury, in returning its verdict, rounded the figure off to $3,066. We do not find error in refusing a motion for judgment notwithstanding the verdict because of such slight variance which amounts to nothing more than a rounding off to the nearest dollar.

Affirmed.