KIRCHMAN v. TUFFLI BROTHERS PIG IRON & COKE COMPANY.

Opinion delivered October 25, 1909.

1. SALES OF CHATTELS—BREACH—RESCISSION.—Where, without default on
the vendor's part, the vendee of chattels absolutely refused to carry
out his contract, the vendor was thereby absolved from any further
duty to tender or ship the chattels, while retaining his right to sue for
any damage suffered from the breach of the contract. (Page 115.)

2. SAME—BREACH—RIGHTS OF VENDOR.—Where a vendee of chattels, prior
to the time for delivery, notified the vendor that he would not accept

the goods, the vendor was entitled to recover without proving that it had the goods on hand and tendered same, òr that it actually sold same for less than the contract price. (Page 115.)

3. DAMAGES—BREACH OF SALE OF CHATTEL.—Upon a breach by the ven-dee in a contract for the sale of goods, the general rule is that the measure of the vendor's damages is the difference between the con-tract price fixed by the contract and the market value of the goods at the time and place of the delivery, provided the contract price exceeds such market value. (Page 116.)

4. SALES OF CHATTELS—PLACE OF DELIVERY.—Where goods are sold to be delivered f. o. b. at a certain place, that is the place of delivery, with reference to which the market value is to be determined. (Page 117.)

5. SAME—MARKET VALUE.—In determining the value of goods where there is no market at the place of delivery the value of the goods at the nearest market, plus the cost of transportation to the place of delivery, would be the market value of the goods at such place of delivery. (Page 117.)

6. INSTRUCTIONS—FAILURE TO GIVE SPECIFIC CHARGE.—Appellant cannot complain because instructions given by the trial court were general in their terms if he failed to request specific instructions in that regard. (Page 117.)

7. PLEADING—PERFORMANCE OF CONTRACT.—Under Kirby's Digest, § 6133, providing that "in pleading the performance of a condition in a contract it shall not be necessary to state the facts showing such per-formance, but it may be stated generally that the party duly performed all conditions on his part," a vendor suing for breach of the contract, who alleges generally that he has performed his part of the contract, need not allege specifically what he did in performance thereof. (Page 118.)

8. SAME—ITEMS OF DAMAGE.—In pleading a breach of a contract of sale it is unnecessary for the complaint to allege the items of damage, as the law fixes the elements and measure of damages. (Page 118.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*Sam R. Chew,* for appellant.

1. This action was brought, not to recover nominal dam-ages only, but actual damages, and appellant was entitled to be apprised of what items the damages consisted, or in what way appellee had been damaged. The complaint should have been made more specific.

2. It was error to admit proof as to the decline in the market value of coke. There was no allegation in the complaint as to such decline, and this testimony came as a surprise. The

motion for continuance on the ground of surprise should have been sustained.    22 Ark. 227; 3 Ark. 207; 32 Ark. 315; 46 Ark. 96.

*E. L. Matlock,* for appellee.

1.    The complaint was fully sufficient.  The motion to make it more specific was properly overruled.    88 Ark. 557.

2.    Appellant was not surprised.    Appellee had long since called his attention to the decline in the price, and had offered to cancel the balance of the contract if he would pay the difference between the contract price and the market price, which was the true measure of damages; and it was not necessary for appellee to prove that he sold the coke at a reduced market price. 55 Ark. 376; *Id.* 401; 70 Ark. 39; 88 Ark. 557.

FRAUENTHAL, J.    This is an action instituted by the appellee against the appellant to recover damages for an alleged breach of contract.    The complaint, in substance, alleged that on July 29, 1907, the appellant entered into a contract with appellee for the purchase of "six cars of 72-hour economy foundry coke," to be shipped to appellant between that date and July 1, 1908, as called for, at $8.95 per ton of 2,000 pounds f. o. b. cars. at Van Buren, Arkansas; that at the request of appellant one car of said coke was shipped on October 2, 1907, and that thereafter the appellant countermanded the order, and refused to take and receive the remainder of the coke, and repudiated the contract, although the appellee fully complied with its part of the contract.    It alleged that it was damaged by reason of the said breach of the contract by appellant in the sum of $250, for which it asked judgment.    The appellant made a motion to require the appellee to make the complaint more definite and certain by stating at what time and how many cars the appellee prepared for shipment and the items of the damages.    The court overruled this motion.    Thereupon appellant filed his answer, in which, in substance, he alleged that on receipt of the first car of coke he discovered that the coke would not answer the purpose for which he had purchased same, and he immediately countermanded the order and directed the appellee not to ship any more coke on the contract.

It appears, from the evidence in the case, that the parties entered into the following written contract on July 29, 1907:

"To Tuffli Bros. Pig Iron & Coke Company, Sales Agents, St. Louis, Mo.

"Dear Sirs:

"Please enter our order as follows:

"Quantity, six car loads.

"Grade, 72 hr. Economy Fdy. Coke.

"Price, $8.95 per ton of 2,000 lbs.

"F. o. b. Van Buren, Arkansas.

"Terms, cash; 30 days.

"Shipment, between now and July 1, 1908, as called for.

"Railroad weights at point of origin to govern settlements.

"All agreements are contingent upon strikes, accidents, car supply, railroad delays or other causes beyond our control.

"The above contract is not subject to any change or cancellation whatsoever without obtaining full consent of the sellers.

"Yours truly,

"The Engineering Works,

"Wm. Kirchman, Prop."

"Accepted:

"Tuffli Bros. Pig Iron & Coke Co., Sales Agents."

In October, thereafter, the appellee shipped to appellant, at his request, one car of coke, which was received and paid for. Not receiving request for further shipment, the appellee wrote to appellant, who, on May 2, 1908, replied as follows:

"Gentlemen:

"We have your favor of the 30th ult. regarding coke shipments, and in view of the fact that business does not pick up as expected, and that we still have a large quantity of coke on hand, we consider it the best policy for all concerned to cancel the balance of this contract, as we are unable to tell at present when we will have capacity to store any more coke.

"Very truly yours,

"The Engineering Works,

"By William Kirchman,

"General Manager."

Further correspondence passed between the parties, when on June 13, 1908, the appellant wrote to appellee as follows:

"Van Buren, Ark., June 13, 1908.

"Tuffli Bros. Pig Iron & Coke Company, St. Louis, Mo.

"Gentlemen: Answering your favor of the 9th, regarding coke still due on contract, will say we affirm our former letter cancelling balance of order. We find that this coke does not come up to our expectations," etc.

The evidence tends to prove that the remaining five cars of coke amounted to 125 tons, and that the market value of said coke declined $1.90 per ton from the said contract price by June 13, 1908. There was no market value of the coke at Van Buren, the place of delivery, but the above market value was at the oven, the nearest place to Van Buren having such market, and, with transportation from such place to Van Buren, the decline in the market value of the coke from the contract price would have amounted to $1.90 at Van Buren. The evidence tended further to prove that the coke named in the contract was of a quality and grade sufficient for the purpose for which it was purchased. The jury returned a verdict in favor of appellee for $237.50.

The questions that are presented by the appellant upon this appeal are determined by the nature of the above contract, its breach and the character of this action. The parties had entered into an executory contract by which the appellant had agreed to purchase the commodity noted in the contract, which was to be shipped by the appellee upon request made therefor by appellant at any time from July 29, 1907, to July 1, 1908. The appellee was to perform the contract on its part by shipping the coke on request of appellant at any time up to July 1. If during said time the appellant had made a request for the shipment of the coke, and the appellee had failed or refused to ship same, then appellant could have recovered from appellee such damages as he might have suffered by reason of such failure. But the appellant made no request for shipment, and, before the time arrived for the performance of the contract on the part of the appellee, the appellant cancelled the order and, by his letter of June 13, unqualifiedly announced that he would not receive the coke, and would not therefore accept performance of the contract on the part of appellant. The contract was then not rescinded, but broken by the appellant; and by such repudiation of the con-

tract he absolved the appellant from any further duty to tender or ship the coke. 2 Mechem on Sales, § 1087.

The appellee at the time of the repudiation of the contract by the appellant was not in any default, and it did not lie within the power of the appellant to end the contract without the consent of appellee. The appellee had then the right to treat this repudiation as a wrongful putting an end to the contract and to at once bring his action as for a breach of it. In the case of *Roehm* v. *Horst,* 33 C. C. A. 550, it was ruled that a positive and absolute refusal to carry out the contract prior to the date of actual default amounted to a breach of the contract, and that after the renunciation of the agreement by the one party the other party should be at liberty to consider himself absolved from any further performance of it, retaining his right to sue for any damage he has suffered from the breach of it. This case was affirmed by the Supreme Court of the United States in the case of *Roehm* v. *Horst,* 178 U. S. 1 ; and, we think, correctly announces the rights of the parties under such circumstances.

In the case at bar the appellant, by his letter of June 13, absolutely and unqualifiedly cancelled the contract and renounced its performance. The evidence tends to prove that prior to that time the appellee was ready and willing to perform the contract on its part. It was urging the appellant to send his request for the coke so that appellee could ship it to him. But the appellant refused to comply with the provisions of the contract on his part, and repudiated it on the ground, as he then claimed, that the coke did not come up to the requisite quality. That issue was presented to the jury, and it was decided against appellant. The appellee was therefore not in any default; and the appellant then wrongfully breached the contract. The appellee thereupon had the right to treat the breach as complete and to sue for the damage he suffered thereby. It was not necessary then for the appellee to prove that he actually had the coke on hand and tendered same, or that it actually sold the coke for a less price than the contract price. Tiedeman on Sales, § 333; 2 Mechem on Sales, § 1091.

Upon a breach of contract to purchase goods by the buyer the general rule is that the measure of damages is the difference between the price fixed by the contract and the market value of

the goods at the time and place of the delivery, *provided* the contract price exceeds said market value. *Glasscock* v. *Rosengrant,* 55 Ark. 376; *Morris* v. *Cohn,* 55 Ark. 401; *Nelson* v. *Hirschberg,* 70 Ark. 39; 24 Am. & Eng. Ency Law (2d Ed.) 1114.

In this case the court gave an instruction as to the measure of damages conforming with this rule. It is urged by the appellant that "there is no proof where under the terms of the contract the coke was to be delivered." But the contract itself says that the coke was sold "f. o. b. Van Buren," and this, therefore, named the place of delivery. If there was no market value at the place of delivery, then the value of the goods at the nearest market, plus the cost of transportation to the place of delivery, would be the market value of the goods at such place of delivery. Tiedeman on Sales, § 333.

And the evidence in this case sufficiently showed the market value. The instruction given by the court on the measure of damages, we think, is in general terms correct. If the appellant desired that it should have been more specific in any respect, he should have requested an instruction in that regard himself. Failing to do that, he cannot now complain because the instruction, although correct, is too general. *Fordyce* v. *Jackson,* 56 Ark. 595; *White* v. *McCracken,* 60 Ark. 613. The above principles of law governing the facts of the case will also show that the instructions numbered 1 and 2, as requested by the appellant, were rightly refused. One of the instructions, in substance, stated that before the appellee could recover in this case it must show that it actually had the coke on hand; and the other stated that it must actually have sold the coke for a price less than that of the contract before it could recover more than nominal damages.

The appellant complains of the admission of certain testimony on the part of appellee relative to the character and efficacy of 72-hour economy coke. But we think no error was committed by its introduction, because the appellant was claiming that the coke was not suitable for the purposes for which he purchased, and the testimony thus admitted tended to prove that it was.

The appellant, before filing his answer herein, requested by motion that the complaint be made more definite, and says that

error was committed by the trial court in overruling his motion. We have thought it best to consider this contention of appellant after the above statement of the principles governing this case, and which are involved in the cause of action, as set out in the complaint. In as much as by reason of the repudiation of the contract by the appellant before the date of its performance the appellee could treat it as breached and at once sue for its damages without further performance on its part, the appellee did not have to allege in the complaint "how many cars of coke it prepared for shipment to defendant."

Furthermore, the plaintiff in the complaint alleged, in substance, the performance by it of the conditions of the contract. Section 6133 of Kirby's Digest provides: "In pleading the performance of a condition in a contract it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part."

And it was not necessary for the complaint to allege the items of damage, as requested by appellant. The law fixes the element and measure of the damage in case of a breach of such a contract as is involved in this case, and, therefore, it was not necessary to be more definite in the allegation of damage.

We have examined the testimony and the instructions, and we find no reversible error in the record.

The judgment is affirmed.