LIBERTY LIFE INSURANCE COMPANY *v.* OLIVE.

Opinion delivered November 11, 1929.

*R. L. Searcy, Jr., G. T. Whatley* and *Neill Bohlinger,* for appellant.

HUMPHREYS, J. Appellee brought suit against appellant in the circuit court of Lafayette County to recover damages for discontinuing two life insurance policies for $1,000 each, issued by it to her, alleging that it wrongfully doubled the maximum premium provided for in the policies, and, upon her refusal to pay same, lapsed the policies; that she was ready, able, willing and anxious to carry out the contract by making the payments as provided in the policies, but that appellant refused to accept same, and had violated its contracts.

Appellant filed an answer, denying the alleged breach of its contracts, and this formed the issue in the case.

On March 22, 1929, the cause proceeded to a hearing, and at the conclusion of the testimony, which was conflicting upon the issue joined, appellant tendered and inserted in the record the following written proposal and request:

"The Liberty Life Insurance Company (appellant here), not admitting, but specifically denying, that it has unjustly raised any rates, hereby offers to reinstate the policies sued on at the rate of $1.28 per month, without examination or formality on the part of the insured at all, and put them in force at this date."

Appellee thereupon asked permission to strike out of her complaint the statement that she was "ready, able, willing and anxious to carry out the contract by making the payments as provided in the policy." The trial

court refused her request to strike, over her objection and exception; refused to peremptorily instruct a verdict for appellant, over appellant's objection and exception; and, over the objection and exception of appellant, submitted the cause to the jury under the following instruction relative to the issue joined:

"If you find from a preponderance of the evidence in this case that the defendant company demanded of the assured the payment of more money as premiums than was due under the policies, and that the assured refused to pay the same, and that, because of the failure of the assured to pay the same, defendant company lapsed the policies, then your verdict will be for the plaintiff."

The submission of the case to the jury resulted in a verdict and consequent judgment in favor of appellee for $376.16, the amount of which is not questioned by appellant, if appellee was entitled to recover anything.

Appellant contends for a reversal of the judgment upon the sole ground that it was appellee's duty, under the law, to accept its proposal to reinstate the policies at the maximum rate of $1.28 per month, without examination or formality on her part. In support of this contention, it is argued that this duty rested upon her because she stated in her complaint that she was "ready, able, willing and anxious to carry out the contract by making the payments as provided in the policies  *  *  *;" and because she was alive, and for that reason no damage had accrued to her at the time it offered to put the policies back in force.

The arguments are not sound. In the first place, appellee's statement had reference to the time of the alleged breach of the contract. It was in no sense a continuing offer on her part to carry out the contract after the breach, if permitted to do so. The common form of pleading by one who alleges a breach of a contract for which he seeks damages is to state that, at the time of the breach, he was ready, able, willing and anxious to carry out the contract on his part. In the next place,

at the time appellant offered to reinstate the policies it had not offered to pay the costs of the litigation, and, even if the court had adjudged the costs against the appellant, such judgment would not have included an attorney's fee for appellee nor any remuneration to her for the loss of time in the preparation of the case. The rule applicable to the present case is that announced in 13 Cyc. 657, in the following words:

"Where the renunciation of a contract is treated by the adverse party as a breach, the party cannot, according to some authorities, withdraw his renunciation and offer to perform, although the time for actual performance has not arrived."

This rule is sustained by the cases of *Mutual Loan Soc. v. Stow*, 15 Ala. App. 293, 73 S. 202; *Waterman v. Bryson*, 178 Ia. 35, 158 N. W. 466; *Quarterman v. American Law Book Co.*, 143 Iowa 517, 121 N. W. 1009, 32 L. R. A. (N. S.) 1; *Ault v. Dustin*, 110 Tenn. 366, 45 S. W. 981.

No error appearing, the judgment is affirmed.