## ÆTNA LIFE INSURANCE COMPANY v. DAVIS.

### 4-2971

Opinion delivered April 17, 1933.

*James B. McDonough,* for appellant.

*John P. Roberts,* for appellee.

BUTLER, J. On January 6, 1932, Harvey A. Davis and Riley T. Davis brought suit to recover for total and permanent disability benefits against the Ætna Life Insurance Company on a policy issued by the company to Harvey A. Davis on July 11, 1925, in which Riley T. Davis was named as beneficiary. It was alleged that Harvey A. Davis became totally and permanently disabled by disease during the time the said policy was in full force. A breach of the contract was alleged, for which anticipatory damages were laid in the sum of $2,999, for which judgment was prayed.

The defendant company made answer, admitting the issuance of the policy, but denying that the plaintiff became totally and permanently disabled at a time when the policy was in effect, and alleged failure to pay the annual premium due July 11, 1930, when due or within the grace period; and, "by reason of such failure, the said policy wholly lapsed and became null and void on and after August 11, 1930."

On the trial of the case under the evidence adduced, there was a verdict and judgment in favor of the plaintiff in the sum of $2,500.

The applicable part of the policy is as follows: "If, before default in payment of premium, the insured becomes totally and permanently disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit, the following benefits will be available:

"When such disability occurs before age sixty: A waiver of the payment of premiums falling due during such disability, and an income of ten dollars a month for each one thousand dollars of the sum insured payable to the life owner each month in advance during such disability.

"If, before attaining the age of sixty years, the insured becomes totally disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of ninety consecutive days, then, if satisfactory evidence has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent. In such a case, benefits shall accrue from the expiration of the said ninety days, but not from a date more than six months prior to the date that evidence of such disability satisfactory to the company is received at its home office. No benefit shall accrue prior to the expiration of said ninety days unless during that period evidence satisfactory to the company is received at its home office while the insured is living that the total disability will be permanent, in which event benefits will accrue from the commencement of disability."

Counsel for the defendant insurance company challenge the correctness of the ruling and judgment of the court below on a number of grounds, which will be considered in the order suggested.

1. The first ground for reversal presented by counsel, and upon which he seems chiefly to rely, is that plaintiff "failed to prove that Harvey A. Davis made proof to the home office of the company as required by the policy, and for that reason there can be no recovery in this case." In developing this contention, counsel assert that "the failure of the insured to make proof ninety days prior to the expiration of the policy defeats absolutely plaintiff's right of recovery." This contention and the supporting argument appears to be based on the assumption that the contract of insurance prescribed the time, form and place of the making of proof of disability, and that the failure to do this in the manner specified works a forfeiture of the insured's right to recover. There may be such conditions in contracts of insurance, but we do not find any such in the one before us. It is a familiar rule that contracts of insurance should be construed so as to effectuate the intention of the parties, and in cases of ambiguity the doubtful questions should be resolved in favor of the insured. In order to sustain the contention

of the appellant, something must be read into the policy which the appellant company failed to incorporate therein. The only restriction we find in the contract is that no recovery can be had for a period of time greater than six months previous to the date the proof of disability is made and received by the company where it is not made and received within ninety days after the disability has commenced. There is no mode specified by which the proof of loss is required to be made or how it is to be transmitted to the insurer. From a fair consideration of the contract, the right to recover must be based on the total and permanent disability occurring during the life of the contract and not on any particular time when proof is made and received. *Hope Spoke Co.* v. *Maryland Casualty Co.,* 102 Ark. 1, 143 S. W. 85, 38 L. R. A. (N. S.) 62, Ann. Cas. 1914A, 268; *Sovereign Camp, W O. W.,* v. *Meek,* 185 Ark. 419, 47 S. W. (2d) 567.

If therefore the disability exists and commenced when the contract was in force, it is immaterial how or when proof is made, if within the statutory period, and recovery may be had for the damage sustained, excluding that occurring beyond six months from the time proof is made. As stated in the case of *Hope Spoke Co.* v. *Maryland Cas. Co., supra,* the proof of disability is intended to give the insurer an opportunity to investigate the facts affecting the question of its liability and the extent thereof. This end is served when the complaint is filed, and no prejudice can result if, as in the instant case, no claim is made for benefits accruing before the filing of the complaint or the statute prescribing a penalty or attorney's fee is invoked.

2. The second, third and fourth grounds for reversal are based on the contentions (a) that the evidence is insufficient to prove that the insured was totally and permanently disabled prior to the lapse of the policy, (b) which it is claimed occurred when plaintiff failed to pay the premium due July 11, 1930, on or before the expiration of the grace period, and (c) there can be no recovery upon a permanent disability arising prior to the lapse of the policy.

The policy was issued on July 11, 1925, and the annual premiums were regularly paid when due down to

July 11, 1930. The premiums were payable in advance, and the time for paying the premium due on July 11, 1930, did not expire until August 11, 1930. The policy was written when the insured was nineteen years old. In April, 1926, the insured entered the State Sanitorium at Booneville, suffering with tuberculosis, and was discharged from that institution in January, 1927, during which time he was paid five monthly installments of sick benefits. On his discharge from the sanitorium, the superintendent caused to be sent to the insurer (at whose request we are not advised) a certificate stating that the insured "is now leaving the sanitorium with an arrested case (tuberculosis) and in good physical condition." The insurer paid no further monthly benefits, and the insured paid the annual premium falling due in that year and for the years subsequent, including the year ending July 10, 1930. The evidence tendered by the insured and accepted by the jury is to the effect that, while he was in the sanitorium, acting under the orders of the physician in charge, he did some light work in the institution, occupying him about two hours a day, for which work he was paid; that on his discharge he was directed by the physician to rest and eat wholesome and nutritious food, and these directions he attempted to follow as much as he was able. After leaving the sanitorium, he took his temperature for a time and began in the afternoons to have a rise in temperature. Just when this began after his discharge is not shown, but, as stated by him, he had a little temperature in the afternoons "all along." In the summer of 1927 he tried to do some work on the farm, but could only do a small amount of work and soon had to quit. He tried to do other work. In 1928 he began to work for a lumber company, but was unable to continue long in this employment. As he expressed it, "I tried it, but did not hold out very long." He was unable to work in 1929. About July 1, 1930, he secured employment with a construction company on a State highway. He soon became unable to do the work first assigned him, and was given lighter work, keeping time and turning on and off the water at a pump station as required. He was unable to put in a whole day during this time, was obliged fre-

quently to rest, and was spitting up blood. He stayed with this job several weeks, finally quitting sometime in August. Before beginning the highway job he suffered with pains in his lungs and ran a temperature in the afternoons.

Dr. J. T. Riley, who is now and has been in charge of the State Sanitorium at Booneville for some time, but who was not in charge when insured was first received, testified in the case and was given a history of the insured from the time he entered the sanitorium in April, 1926, down to and including the time he was working on the highway in 1930. Witness was asked whether or not in his opinion the insured was able to perform any work for compensation or profit. After some colloquy between counsel for the defendant and the court, witness stated in effect that during these times the insured was unable to do any work, and that in his opinion the insured was totally and permanently disabled.

Another physician testified to the effect that one suffering from active tuberculosis on being treated in the sanitorium is discharged with an arrested case should do no work for at least two years after leaving the sanitorium; that, when the insured was again received into the sanitorium, he was afflicted with marked active tuberculosis.

The evidence adduced on behalf of the plaintiff, having been accepted by the jury, must be considered in the light most favorable to him and given its strongest weight, and, when so considered, is ample to warrant a finding that the insured was totally and permanently disabled within the meaning of the policy in July and August, 1930, and, indeed, had been at all times from the date of his discharge from the sanitorium in 1927. It is argued that, since the insured worked in July and August of 1930 at a remunerative wage, that is sufficient to establish the fact that he was not suffering from a total and permanent disability within the meaning of the contract sued on. We do not think that this fact is conclusive of the question. The evidence in this case shows that the insured was a farm laborer, and it is reasonable to infer that he was without training or experience which

would enable him to conduct with success any business or be able to make a living except by manual labor. This being his situation, in order to perform any work or conduct any business for compensation or profit, more is required than mere strength to perform any given task or to follow any certain vocation for a time. It must exist to the extent as would enable one to do all the substantial acts necessary in the performance of the work or vocation in the usual and customary manner. This expression connotes the ability, moreover, to do the work or follow the vocation without suffering physical pain caused thereby and without danger to one's physical wellbeing. One of the physicians expressed it in the following way: When asked if he thought a man was totally disabled when he had recently worked at a job for $2 per day, answered, "You can work a horse when he is sick, but it wouldn't be to the best interest of the horse"; and Dr. Riley said, "The fact that he worked and earned $2 a day would not convince me that he was able to do so."

It clearly appears from the evidence that the insured was never at any time since April, 1927, able to do all the substantial acts necessary in the conduct of any vocation in which he was fitted to engage in the usual and customary way without peril to his health; he was therefore totally and permanently disabled within the meaning of the policy. *Ætna Life Ins. Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. (2d) 310; *Mo. State Life Ins. Co.* v. *Snow,* 185 Ark. 335, 47 S. W. (2d) 600; *Travelers' Protective Ass'n* v. *Stephens, ib.* 660, 49 S. W. (2d) 364; *Mutual Life Ins. Co. of N. Y.* v. *Marsh,* 186 Ark. 861, 56 S. W. (2d) 433.

It is sufficient to say on the third and fourth grounds urged for reversal that it is immaterial whether or not the premium due July 11, 1930, was paid, and there was no lapse of the policy because the total and permanent disability commenced prior to that date, and under the provisions of the contract there were no premiums due as they were waived.

The fifth ground urged is that the plaintiff is not entitled to recover present value of the payments upon the theory that the defendant breached the contract. This contention cannot be sustained because liability was de-

nied on the ground that the policy lapsed for failure to pay the annual premium before the expiration of the grace period, August 11, 1930. This was a renunciation of the contract on the part of the insurer, and brings this case within the rule announced in *Roehm* v. *Horst,* 178 U. S. 1, 20 S. Ct. 780, followed in *Kirchman* v. *Tuffli Bros.,* 92 Ark. 111, 122 S. W. 239, and in *Liberty Life Ins. Co.* v. *Olive,* 180 Ark. 339, 21 S. W. (2d) 405; *Ætna Life Ins. Co.* v. *Spencer, supra; Travelers' Protective Ass'n* v. *Stephens, supra; National Life & Accident Co.* v. *Whitfield,* 186 Ark. 198, 53 S. W. (2d) 10; *Atlas Life Ins. Co. of Tulsa* v. *Bollin,* 168 Ark. 218, 53 S. W. (2d) 1. The rule in those cases may be thus stated: "If the insurer renounces the continuing contract of insurance, upon his part, and unequivocally refuses in advance of its maturity to perform it, the insured may at his option take the insurer at his word. The insured is then relieved of the duty of further performance on his part, and may maintain an action at law for damages, before the specified date of expiration."

It is contended, in the last place, that the court erred in giving and refusing certain instructions. We have examined these instructions with care, and are of the opinion that they correctly submitted the issues to the jury in accordance with the views we have expressed. If there was any error, it was in favor of the appellant, and it therefore has no cause to complain.

Let the judgment be affirmed.