HOME LIFE INSURANCE COMPANY *v.* WARD.

4-3551

Opinion delivered October 15, 1934.

*A. D. DuLaney,* for appellants.

*Ovid T. Switzer* and *Y. W. Etheridge,* for appellee.

SMITH, J. This appeal presents no question which has not already been decided adversely to the contentions here made. The suit is based upon the identical group policy of life insurance No. 26,595 which was sued on in the case of *Home Life Insurance Company* v. *Keys,*

187 Ark. 796, 62 S. W. (2d) 950. The present appeal is from a judgment on the same policy. The only difference is in the name of the employee, the date of disability, and the time of bringing suit. The policy, which had been kept in force by the Crossett Lumber Company for the benefit of its employees, expired on December 31, 1930. Keys, the plaintiff in the case just cited, who was disabled from and after October 12, 1929, died March 9, 1931, and proof in support of his claim was not submitted to the insurer until May 5, 1932. In the instant case the insured became disabled in June, 1929, but furnished the insurer no proof of the disability until August 17, 1933. The only difference is that in the instant case a somewhat longer period of time elapsed than in the Keys case, but this is immaterial under former decisions of this court, as the proof was furnished and the suit was commenced before the bar of the statute of limitations had fallen. In the very recent case of *Missouri State Life Ins. Co.* v. *Foster,* 188 Ark. 1116, 69 S. W. (2d) 869, it was said: "In addition to what we have just said, we are definitely committed to the doctrine under policies of insurance wherein the provision for notice is not made a condition precedent to the right of recovery that it is immaterial how and when the proof of disability is made, if within the statutory period of limitations. *Ætna Life Ins. Co.* v. *Davis,* 187 Ark. 398, 60 S. W. (2d) 912."

Other questions discussed in appellants' brief relating to the liability of the insurer in the instant case are disposed of in the Keys case, *supra,* in which case the headnote reads as follows: "Under a policy of group insurance providing that, upon proof that an employee insured thereunder has become wholly and permanently disabled and thereby prevented from pursuing any gainful occupation, he will be regarded as a claimant, and the company waives payment of premiums thereafter, *held* that the insurance company became liable when an employee became totally and permanently disabled during the life of the policy, though proof of such disability was not furnished until after the policy had been canceled."

There were questions of fact in the instant case as to when the insured became totally and permanently disabled, and as to the continuance of the disability, but these questions were submitted under correct instructions, and are concluded by the verdict of the jury, inasmuch as the testimony is legally sufficient to support the finding that the insured became permanently disabled while the policy was in full force and effect, and was shown to be permanently and totally disabled at the time of the trial.

The testimony on the insured's behalf was to the effect that he was an ignorant and illiterate negro, who had no means of earning a livelihood except by his manual labor, and that he had become unable to work. It is insisted that instruction numbered 3 submitting this issue is erroneous. This instruction reads as follows: "The jury are instructed that total disability does not mean absolute physical disability on the part of the insured to transact any kind of business or work pertaining to his occupation. It is sufficient to prove that the disability wholly disabled him from the doing of all the substantial and material acts necessary to be done in the prosecution of his work or the execution of them in the usual or customary way or when common care and prudence would require a man in his condition to stop doing the kind of labor he had performed before he became disabled."

The objection now made to the instruction is that it permits a recovery upon the showing that the insured is unable to perform "the kind of labor he had performed before he became disabled," without requiring the showing that he is unable to perform other kinds of gainful labor. There was no specific objection to the instruction, and, in the absence of such an objection, we do not think the instruction is defective in the respect stated. The testimony was to the effect that the only kind of labor the insured had performed, or knew how to perform, was manual labor, and the testimony as to his disability related to his ability to perform such labor generally, and not merely the kind of labor he was performing when he became disabled. If, therefore, it had been be-

lieved that the instruction construed the policy as if it were one of occupational insurance, that objection should have been specifically made.

It is finally insisted that the court erred in refusing to give appellants' instruction numbered 5, which was to the effect that the recovery could in no event exceed "the aggregate sum of the monthly payments provided for in the policy after August 15, 1933 (the date upon which proof was furnished), to date," and for this reason the statutory penalty of 12 per cent. should not have been imposed, and no attorney's fee should have been allowed. It appears, however, from what has already been said, that the right of recovery begins, not on the date the proof was furnished, but, as was said in the Foster case, *supra*, "upon causation of the injury (or disability)." This being a case in which the insurer has denied any and all liability under the policy, the right existed to sue, not merely for installments of benefits, but for the total indemnity for which the policy provides. *Ætna Life Ins. Co.* v. *Phifer,* 160 Ark. 98, 254 S. W. 335; *Ætna Life Ins. Co.* v. *Davis,* 187 Ark. 398, 60 S. W. (2d) 912.

The penalty was therefore properly imposed, and the attorney's fee was properly allowed.

The judgment must therefore be affirmed, and it is so ordered.

SMITH, J., (on rehearing). We are asked to modify the judgment in this case to the extent of allowing only the present value of the installments to be paid under the policy of insurance, rather than the total amount thereof, as was done under the original opinion. This request is made upon the authority of the case of *Metropolitan Life Ins. Co.* v. *Harper, ante* p. 170, where it was held that the present value—and not the total value—of the installments should be paid. In that case, however, the insured, who had become disabled, was alive, and, under his policy, was entitled to benefits to be paid weekly for a given period. But in the brief which raises the question here stated, it is conceded that: "If Ward had died while his policy was in force, he would have been entitled to $1,800 (the amount recovered)." This admission is based upon the provision of the policy of

insurance to that effect reading as follows: "In the event of the death of the insured during the period of total permanent disability, any installments remaining unpaid shall be payable to the designated beneficiary."

The original opinion affirmed the finding that the insured did die while the policy was in effect, and there is no occasion, therefore, to modify the original opinion, and the motion for rehearing is therefore overruled.