CHANDLER v. NEW YORK LIFE INSURANCE COMPANY.

4-4652

Opinion delivered May 10, 1937.

*J. V. Spencer* and *Chadd L. Durrett,* for appellant.

*Louis H. Cooke, W. E. Patterson* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

McHANEY, J. This is a suit by appellant to collect total and permanent disability benefits under two policies of life insurance held by him and issued by appellee. The premium on policy No. 6218204, hereinafter referred to as policy No. 1, issued and dated November 10, 1917, was due on November 10, 1933, was not paid, and the policy lapsed. The premium on policy No. 6787689, hereinafter referred to as policy No. 2, issued and dated July 13, 1920, was due on July 6, 1933, was not paid, and the policy lapsed. Appellant alleged and so testified that he became totally disabled with malaria or influenza in 1931, but didn't make proof thereof to appellee because at that time he thought he would get well, but since that time he has learned that his disability is permanent. It was stipulated that Dr. Moore, if present, would testify that appellant became totally disabled in December, 1930, or January, 1931. In April, 1933, appellant received a cash loan on policy No. 2 of $192, and on May 10, 1933, he received a cash loan on policy No. 1 of $446. After the policies lapsed, the insured not having elected any other option, they automatically went into term insurance, there being sufficient reserve on policy No. 1 to purchase $542 of insurance from November 10, 1933, to November 16, 1936, and on policy No. 2 to purchase $813 from July 6, 1933, to July 5, 1934.

Both policies contained identical provisions relating to total and permanent disability benefits, as fol-

lows: "Whenever the company receives due proof, before default in the payment of premium, that the insured, * * * has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days * * * —then

"1. Waiver of premium.—Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year, * * *.

"2. Life income to the insured.—One year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the insured."

Appellant filed no claim for disability benefits, nor did he make any proof of disability, except on March 12, 1936, appellant appears to have written appellee a letter notifying it of his disability. This fact does not appear from appellant's testimony, but only incidentally from a witness for appellee. The complaint was filed March 28, 1936.

The trial court, sitting as a jury, held that because appellant failed to furnish proof of disability prior to the lapsing of said policies, he was precluded from claiming disability benefits, and rendered judgment in favor of appellee. The case is here on appeal.

Counsel for appellant correctly state that the only question to be determined by this court is whether "the language in the benefit certificates makes notice and proof of total and permanent disability before the default in the payment of any premium under said insurance certificates a condition precedent to the right of recovery." We think counsel inaccurately refer to these policies of life insurance as "benefit certificates," a term usually

applied to policies issued by fraternal and beneficiary societies. It is insisted by appellant that the language of the policies above quoted relating to total and permanent disability benefits is not a condition precedent and that the case falls within the rule announced in *Ætna Life Insurance Company* v. *Phifer*, 160 Ark. 98, 254 S. W. 335; *Ætna Life Insurance Company* v. *Langston*, 189 Ark. 1067, 76 S. W. (2d) 50; *Ætna Life Insurance Company* v. *Davis*, 187 Ark. 398, 60 S. W. (2d) 912; *Home Life Insurance Company* v. *Ward*, 189 Ark. 793, 75 S. W. (2d) 379, and *Mo. State Life Ins. Co.* v. *Case*, 189 Ark. 223, 71 S. W. (2d) 199. The language used in the disability clauses in those cases was altogether different from that here involved and we think those cases are not controlling. The language in the policies under consideration is exactly the same as that in *New York Life Ins. Co.* v. *Farrell*, 187 Ark. 984, 63 S. W. (2d) 520, and *New York Life Ins. Co.* v. *Jackson*, 188 Ark. 292, 65 S. W. (2d) 904, the Farrell case being cited and relied upon in the Jackson case. In both cases, we held that the giving of the notice or the making of proof in the manner provided in the policy was a condition precedent to recovery. In the Jackson case we said: "It is insisted, however, that it is the fact of disability, and not proof thereof, which entitled the insured's administratrix to recover for the benefit of his estate the disability benefits to which the insured himself was entitled. This was the theory upon which the Farrell case was tried, and a judgment recovered. The opinion in that case sets out an instruction which permitted a recovery upon the finding that the insured was permanently disabled within the meaning of the policy sued on, which, as has been shown, is identical with the policy here sued on.

"We held the instruction was erroneous, and should not have been given, and in that connection it was said:

" 'This instruction was erroneous and should not have been given. The provisions of the policies are set out above, and each one provides that, commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will waive payments, etc.

" 'It is perfectly plain from this provision of the policy that it waives premiums only commencing with the anniversary of the policy next after proof of loss is made, and it will be observed, from the second paragraph above quoted from the policy, that one year after the anniversary of the policy next succeeding proof of loss, the company will pay. It was therefore improper to instruct the jury that the payments continued throughout the time of appellee's disability. The provisions of the policy providing for payment are plain and unambiguous. The liability attached when the disability occurred and proof of loss was made. The company, however, did not promise to pay from the time the disability occurred, but from the time fixed in the policy itself.' "

It is plainly manifest from the language used that there will be no waiver of premium and no income payments made unless the company "receives due proof before default in payment of premium that the insured * * * has become wholly disabled by bodily injury or disease." In the case before us, there was no proof made before or after default. In *New York Life Insurance Company* v. *Moose,* 190 Ark. 161, 78 S. W. (2d) 64, a clause in the policy provided: "In event of default in payment of premium after the insured has become totally disabled as above defined, the policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the company not later than six months after said default." We held under that clause that the making of proof within six months after default was a condition precedent to recovery of benefits for a disability accruing prior to default. We there said: "Assuming, however, that there was sufficient evidence to go to the jury as to whether total disability occurred prior to default, we are of the opinion that the benefits were granted solely upon the condition that the proofs of total and permanent disability before

default be furnished within six months after default. In other words, the disability must commence before default in premium payment, and the benefits will then be granted 'provided due proof * * * is received by the company not later than six months after said default.' This proviso simply states the conditions under which disability benefits will be granted. It necessarily excludes all others * * *'' and we cited the Farrell and Jackson cases, *supra*. So here, the language used makes the waiver of the premium and the income payments depend entirely upon the fact that the company receives due proof before default. Not having made such proof in the manner provided in the policy, the trial court correctly found in favor of appellee.

The judgment is accordingly affirmed.