ÆTNA LIFE INSURANCE COMPANY *v.* LYNCH.

4-5024

Opinion delivered April 18, 1938.

Owens, Ehrman & McHaney, for appellant.

Ira D. Oglesby, for appellee.

MEHAFFY, J. On January 22, 1920, the Ætna Life Insurance Company issued to the appellee its policy No.

N.-234913 for $2,500. It was agreed in said policy that if the appellee should become wholly, continuously and permanently disabled the defendant would, if all premiums previously due had been paid, waive the payment of all premiums falling due thereafter during such disability, and if such disability was sustained before the insured attained the age of 60 years, the company would pay him the sum of $25 on each and every month thereafter, during the lifetime and during the disability of the insured.

Suit on said policy was begun in the Sebastian circuit court alleging the issuance of the policy, the payment of all premiums; that on May 1, 1936, the insured became and has been since said date, wholly, continuously and permanently disabled by reason of tuberculosis, and that he furnished the required proof of loss in December, 1936; that six months has elapsed since the proof was made, and the insurance company has failed and refused to pay disability benefits. The insured further alleged that he was compelled to pay an annual premium of $38.15 on January 28, 1937, because the insurance company refused to waive payment of said premium; that at the time of filing the complaint there was due the appellee from the appellant twelve months' disability benefits, and one year's premium, making a total of $338.15. He prayed judgment for this amount, together with 12 per cent. penalty and a reasonable attorney's fee.

Appellant filed answer, admitting the insurance policy, but denied that the provisions of said policy were as alleged in appellee's complaint. The appellant set out in its answer the provisions in the policy with reference to disability, and alleged that the consideration for said provisions was the sum of $1.35 per year; it admitted that appellee, on December 22, 1936, submitted proof of permanent and total disability, and that after the receipt of the proof the appellant accepted same and on June 22, 1937, tendered to the insured $25, that being the amount due under the terms of the policy at that time; appellee refused to accept this; the appellant claimed that under the terms and conditions of the policy the appellee was entitled to recover disability benefits commencing six

months after receipt of proof of loss, and it had offered to make said payments in accordance with the terms of said policy, but that appellee had refused to accept same.

The appellant stated that the only question for decision was whether, under the terms of the policy, appellee was entitled to recover disability benefits from the beginning of his disability, or from a period dating six months after receipt of proof at the home office of the company. It tendered into court with its answer $25.

Appellee filed an amendment to his complaint in which he prayed judgment for $25 per month from May 1, 1936, to the date of filing the complaint, plus one year's premium of $38.15, plus 12 per cent. penalty and reasonable attorney's fee.

Jury was waived, and a trial was had before the court, sitting as a jury, upon the following agreed statement of facts:

"It is hereby agreed and stipulated by and between counsel for plaintiff and counsel for defendant in the above cause that the facts in this case are as follows:

"That on the 22nd day of January, 1920, the Ætna Life Insurance Company, defendant herein, issued policy No. N-234913, insuring the life of Clyde W. Lynch, plaintiff, in the principal sum of twenty-five hundred dollars ($2,500). Plaintiff was at that time nineteen years of age. The annual premium on said policy was $38.15. The policy contains a rider as follows:

" 'Six months after proof is received at the home office of the company, that the insured has become wholly, continuously and permanently disabled and will for life be unable to perform any work or conduct any business for compensation or profit, or has met with the irrecoverable loss of the entire sight of both eyes, or the total and permanent loss by removal or disease of the use of both hands or of both feet, or of such loss of one hand and one foot, the company will, if all premiums previously due have been paid, waive the payment of all premiums falling due thereafter during such disability, and if such disability was sustained before the insured attained the age of sixty years, the company will pay to the life bene-

ficiary the sum of ten dollars for each thousand dollars of the sum insured and will pay the same sum on the same day of every month thereafter during the lifetime and during such disability of the insured.' "

" 'Any premium waived or monthly payment made by the company on account of permanent disability as herein described will not be deducted from the sum insured at death or maturity, and loan and cash surrender values will increase in the same way as if the premiums waived had been paid in cash.

" 'The foregoing benefits for disability are conditioned upon the medical examiner of the company being permitted to examine the insured before acceptance of proof.

" 'The consideration for disability provision above described is an additional premium of one and 35/100ths dollars, which consideration is included in the premium named in this policy, but will be reduced to........................., and 38/100ths dollars after the insured attains the age of sixty years.

" 'The above provision for permanent total disability may be annulled upon written request of the life beneficiary, the assignee, if any, and the return of this policy for proper indorsement, and the premium thereafter required for this policy will be reduced by the consideration charged for such provision.

" 'This provision is a part of policy No. N-234913 issued by the Ætna Life Insurance Company on the life of Clyde W. Lynch.

" 'Hartford, Conn., this 22nd day of January, 1920.
" 'Ætna Life Insurance Company.'

"That on the 1st day of May, 1936, the insured became totally and permanently disabled as the result of tuberculosis, and has continued to be totally disabled up until the time this suit was filed; that the policy of insurance hereinbefore mentioned was on the first day of May, 1936, in full force and effect and it has been continued in full force and effect up until the time this suit was filed; that an annual premium of $38.15 was paid on said policy on the 28th day of January, 1937; that

on December 21, 1936, plaintiff filed with the defendant a claim for permanent and total disability benefits; that thereafter, and as of June 21, 1937, the defendant approved said claim and did on the 21st day of June, 1937, tender to plaintiff its check for twenty-five dollars ($25) covering disability benefits for the month commencing June 21, 1937; that plaintiff refused to accept said check and that defendant has been ready and willing since said tender and refusal to pay said sum of twenty-five dollars ($25) for the month commencing June 21, 1937, and has been ready and willing and offered to pay twenty-five dollars ($25) per month for each monthly period after June 21, 1937, and that plaintiff has refused to accept said payments.

"That the plaintiff is a resident of the county of Sebastian, city of Fort Smith, state of Arkansas. That the defendant is a corporation organized and existing under and by virtue of the laws of the state of Connecticut, and is a nonresident of the state of Arkansas.

"That the only question in this case is whether under the terms of the policy plaintiff is entitled to recover disability benefits from May 1, 1936, the date of his disability, or from a period dating six months after receipt of proof at the home office of the company."

The appellant asked the court to make certain findings of fact and declarations of law. The court then heard testimony for the purpose of establishing a reasonable attorney's fee. The court rendered judgment in favor of the appellee for the sum of $344.16, plus 12 per cent. penalty, amounting to $41.29, for a return of premium of $38.15, and an attorney's fee of $150, together with costs. This appeal is prosecuted to reverse said judgment.

It is admitted by appellant that on May 1, 1936, the insured became totally and permanently disabled as the result of tuberculosis, and has continued to be totally disabled up until the time this suit was filed. The notice and proof of disability was not made by appellee until December 21, 1936. Appellant states: "The only question before this court with reference to the policy is

whether under its terms the plaintiff is entitled to a payment of $25 per month from and after the first day of May, 1936, or whether he is entitled to $25 per month from and after six months after the above-mentioned proof was received, which date would be June 21, 1937.''

Appellant concedes that under the rule announced in the case of *Ætna Life Insurance Company* v. *Phifer,* 160 Ark. 98, 254 S. W. 335, it is liable from and after the commencement of disability, from May 1, 1936. It is contended, however, that the court in that case inadvertently misinterpreted the terms of the policy, and that since that opinion was rendered this court has modified its decision in this respect.

We know of no case decided since the Phifer case that in any way modifies that opinion. The court said there: ''The particular language in the clause providing for a waiver is: 'The company will, if all premiums previously due have been paid, waive the payment of all premiums falling due thereafter during such disability.' In the connection used, 'thereafter' refers to the beginning of the disability, which was the date of the injury, and not to the expiration of the six months' period after final proof of the injury and disability. The purpose of the policy, evidenced by said clause, was to relieve the insured from burdens and to compensate him, in case of permanent and total disability, during the period of disability, meaning from the beginning of such disability.''

In the case of *N. Y. Life Ins. Co.* v. *Farrell,* 187 Ark. 984, 63 S. W. 2d 520, the rule adopted in the Phifer case was approved. The policy in the Farrell case, however, provided that the company would pay the insured a certain sum one year after the anniversary of the policy next succeeding the receipt of such proof; and as to the waiver of premiums, the policy in the Farrell case provided: ''Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of the policy, the company will not deduct the premiums so waived.''

In the case of *Atlas Life Ins. Co.* v. *Wells*, 187 Ark. 979, 63 S. W. 2d 533, we held that the rights of the parties had become fixed at a time when no premium was due; that while the cause of action had not accrued, yet the liability existed, and all premiums that became due after the time fixed for payment under the disability clause in the policy, are by the express terms of the policy waived; that premiums that became due after the liability attached, but before the time fixed in the policy for a waiver of premiums, are not waived.

In the instant case the disability occurred on May 1, 1936, and there was no premium due until January 22, 1937. We said in the case of *Ætna Life Ins. Co.* v. *Davis*, 187 Ark. 398, 60 S. W. 2d 912, a case cited and relied on by appellant: "It is sufficient to say on the third and fourth grounds urged for reversal that it is immaterial whether or not the premium due July 11, 1930, was paid, and there was no lapse of the policy because the total and permanent disability commenced prior to that date, and under the provisions of the contract there were no premiums due as they were waived."

In the case of *Equitable Life Assurance Society of U. S.* v. *Pool*, 189 Ark. 101, 71 S. W. 2d 455, we said: "It is not necessary to undertake a defense of the doctrine as announced in the Phifer case, but in passing it may be said that it is supported by the great weight of American authority."

In the case of *Home Fire Ins. Co.* v. *Ward*, 189 Ark. 793, 75 S. W. 2d 379, this court said: "It appears, however, from what has already been said, that the right of recovery begins, not on the date the proof was furnished, but, as was said in the Foster case, (*Missouri State Life Ins. Co.* v. *Foster*, 188 Ark. 1116, 69 S. W. 2d 869), *supra*, 'upon causation of the injury (or disability)'."

It appears from decisions of this court since the Phifer case, that the rule announced in that case has never been modified, and not only that, but we have stated in a recent case that the rule is supported by the great weight of American authority.

The appellant, however, calls attention to the case of *Bergholm* v. *Peoria Life Ins. Co.*, 240 U. S. 489, 52 S.

Ct. 230, 76 L. Ed. 416. That case does not decide contrary to the Phifier case, but the policy in the Bergholm case provided: ''Upon receipt by the company of satisfactory proof that the insured is totally and permanently disabled as hereinafter defined the company will

''1. Pay for the insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the insured and will also

''2. Pay to the insured a monthly income for life of 1% of this policy; the first payment of such income to be paid immediately upon receipt of such proof . . . .''

It will be observed that the policy in the Bergholm case provided for the payments becoming due after the receipt of proof and during the continuance of the total and permanent disability. The insurance company, in that case, did not undertake to pay or waive any premiums except those which became due after it had received proof of disability. The policy in that case also provided that the disability payments should be for a certain amount and that the first payment was to be paid immediately upon receipt of such proof.

It appears, therefore, that there is no conflict between the Bergholm case and our cases.

Reference is also made by appellant to the case of *Orr* v. *Mutual Life Ins. Co.*, 64 Fed. 2d 561. In that case the policy provided for the waiving of premiums commencing with the first premium due after approval of said due proof, and it also provided that the first payment of monthly benefits would be due on receipt of said proof.

Other cases have been cited by appellant, but this court is committed to the doctrine and rule announced in the Phifer case. This applies to the waiver of premiums the same as to payment of disability benefits. All our cases hold that liability attached when the injury or disability occurs. The purpose of a policy of this kind is to compensate the insured during the period of permanent and total disability. He is compensated by the waiving of premiums after disability, and the payment of

disability benefits, and, as we have already said, the great weight of authority supports the rules announced.

Appellant contends that the fee allowed the attorney is excessive. We are of opinion that $75 would be a reasonable attorney's fee, and the amount of the attorney's fee is reduced to $75, the judgment is modified to that extent, and as modified is affirmed.